CAROLINA, C. & O. RY. CO. v. MUMPOWER.

(Circuit Court of Appeals, Sixth Circuit. June 3, 1913.)

No. 2,317.

PLEADING (§ 129*)—ADMISSIONS BY FAILURE TO DENY.

Under the law of Tennessee, as settled by decision, that the defense of limitation must be pleaded, where after the filing of a plea in an action for personal injury, setting up the statute of limitation of one year, plaintiff amended his declaration, alleging matter in avoidance of the plea, and defendant, although given time, did not file any plea to the amended declaration, it waived the defense of limitation, and could not raise it by a motion in arrest of judgment.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 270–275; Dec. Dig. § 129.*]

In Error to the Circuit Court of the United States for the Eastern District of Tennessee; Edward T. Sanford, Judge.

Action at law by J. W. Mumpower against the Carolina, Clinchfield & Ohio Railway Company. Judgment for plaintiff, and defendant brings error. Affirmed.

W. H. Robertson, of Johnson City, Tenn., J. B. Cox, of Knoxville, Tenn., and Phlegar, Powell, Price & Shelton, of Johnson City, Tenn., for plaintiff in. error.

Harr & Burrow, of Johnson City, Tenn., for defendant in error.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Before WARRINGTON, KNAPPEN, and DENISON, Circuit Judges.

WARRINGTON, Circuit Judge. This was an action for personal injuries. The declaration contained two counts. The first was based upon the Tennessee statute exacting precautions of railway companies, and the second was the usual common-law count. Three pleas were interposed: First, the statute of limitations; second, not guilty; third, contributory negligence. Later the plaintiff was permitted to amend his declaration by alleging, among other things, that after the occurrence of the accident described in the original declaration he brought a suit at law in a state court of Tennessee against the railway company "for the identical wrongs and injuries complained of in this case"; that he recovered a verdict in that court, which was set aside and a new trial granted; whereupon "plaintiff took a voluntary nonsuit without said cause ever having been finally terminated upon the merits." The company refrained from pleading to the declaration as thus amended. Trial followed, in which plaintiff recovered a verdict of $2,000. The company thereupon filed a motion in arrest of judgment, because it appears upon the face of the record (1) that the action was not commenced for more than a year after the alleged injuries were received; (2) that although a former action had been commenced within one year from the time such injuries were received, yet at the time of the commencement of this action no judgment had been rendered against plaintiff in the former action, nor had any judgment in favor of the plaintiff in that action been arrested or reversed on appeal; (3) and that, on the contrary, the former action was pending at the time of the institution of this action, judgment therein through voluntary nonsuit having been entered after this action was begun. The motion being overruled and judgment entered on the verdict, the assignments of error admittedly present the single question of whether the motion was rightly denied.

As indicated by the motion, the company relies solely on certain provisions of the statutes of limitation of the state of Tennessee. Sections 2769 and 2772 of the Tennessee Code (Shan. 4466 and 4469) require an action "for injuries to the person" to be commenced "within one year after cause of action accrued." Section 2755 (Shan. 4446) provides:

"If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the judgment or decree is rendered in favor of the plaintiff, and is arrested, or reversed on appeal, the plaintiff * * * may, from time to time, commence a new action within one year after the reversal or arrest."

It will be helpful here to notice some of the dates, and also the plea of the statute of limitations. In the original declaration, the injuries are alleged to have been received in August, 1909, and the declaration was filed February 24, 1911. The only pleas ever presented were filed March 28, 1911, and in the first one it is stated that the "cause of action accrued more than one year before the institution of this suit." Plainly this plea was addressed to the limitation of

one year as fixed by sections 2769 and 2772, before pointed out. The amendment to the declaration was filed May 8, 1911. The purpose of this amendment was evidently to take the benefit of, if not to commence a "new action" under, the saving clauses of section 2755, before quoted, and so to avoid the effect of the plea just mentioned, for the original action in the court below was begun more than one year after the date of the injuries alleged; but whether, in view of the form of the amendment, it could in itself be regarded as a new action (within the meaning of section 2755) distinct from the original action or not (Railroad v. House, 104 Tenn. 110, 56 S. W. 836; Railroad v. Cargille, 105 Tenn. 628, 59 S. W. 141), it is clear enough that the plea of the statute of limitations (sections 2769, 2772) to the declaration could not also be a plea (under section 2755) to the facts constituting the action as it stood with the amendment.

Independently of the lack of quality and intent to perform both of these functions, it would have been anomalous, when coming to dispose of the motion in arrest, to treat the plea as having been aimed at the amendment. The plea was immaterial at that stage of the case (Bailey v. Brooks, 58 Tenn. [11 Heisk.] 2, 6), because the very issue tendered by the amendment was whether the facts there alleged operated to toll the statute of limitations set up in the plea. It was not a sufficient answer after verdict, any more than it is now, to say that the facts as alleged in the amendment did not bring the suit within the saving provisions of section 2755. That answer should have been made in appropriate form within seasonable time. The order granting leave to file the amendment allowed the railway company 15 days from the date of the order "to make defense to the declaration as amended, but so as not to delay." The necessary effect of this was to put the railway company to an election, either by proper pleading to challenge the sufficiency of the attempted avoidance of the statute of limitations, or to waive the question. It was quite as open to the company to waive the limitation at that stage of the case as it was at any other; and it is not denied, as plainly under well-settled rules of practice it could not be, that a failure in some form of pleading affirmatively to raise the defense of the statute of limitations operates to waive it. As was said in Gormley v. Bunyan, 138 U. S. 623, 635, 11 Sup. Ct. 453, 457 (34 L. Ed. 1086):

"The only way in which such statutes [of limitation] are available as a defense is when they are, at the proper time, specially pleaded."

The question is thus reducible to this: Whether the motion in arrest of judgment was an appropriate and timely objection to the sufficiency of the amendment to avoid the statute of limitations under the saving clauses of section 2755. If we are right in what we have already said, the answer to this question has been anticipated. If the company waived the defense, it would have been unjust to permit it to retract after the plaintiff had been put to the trouble and expense of trial. At most, in a case like this, such a defense affects the remedy only, not the right. If the defense had been set up within the time given by the court, it is possible that a mistake might have been developed in stating the date when the nonsuit was taken in the

state court.   Furthermore, in spite of the earnest insistence of counsel to the contrary, we regard this question as settled by the Supreme Court of Tennessee in Allen v. Word, 6 Humph. (Tenn.) 284.   One error there assigned was that the cause of action stated in the declaration was alleged to have accrued more than three years before the suit was begun.   Judge Turley, speaking for the court, said:

"This is no good cause for an arrest of judgment.  The statute of limitations in a suit at law must be pleaded, and this whether the cause of action as stated appears to be barred or not, because the plaintiff may reply and prove a subsequent promise to pay the debt.  The statute of limitations was pleaded and found against the defendant, and it would be a strange anomaly to permit him to take advantage of it by motion in arrest of judgment."

We are unable to perceive why that decision is overruled by the decision in Thompson v. C., N. O. & T. P. Ry., 109 Tenn. 268, 270, 70 S. W. 612, 613, in which it was held that the defense of the statute of limitations could be made in an action at law by demurrer, "when the cause of action appears from the declaration to be barred by the statute."   The theory of inconsistency between these decisions, as we understand it, is that the former contemplates a plea which may be avoided by a reply, while the latter allows a demurrer, which, of course, could not be so avoided; but surely the effect of the demurrer could be readily avoided by an amendment of the declaration. The learned judge announcing the former decision would seem to have been stating an instance, rather than a rule.   The point to the instance stated was that the plaintiff was entitled to timely notice of the defendant's purpose to rely on such a defense, so that it might be met in some form or other if the facts should admit of it.   Indeed, it appears to be a settled rule in Tennessee that the defense of a statute of limitations operating only on the remedy, must in some appropriate form be specially set up in order to be available (Carter v. Wolfe, 1 Heisk. [Tenn.] 694, 701; Bomar v. Hagler, 7 Lea [Tenn.] 85, 89; Maury v. Lewis, 10 Yerg. [Tenn.] 115, 119; German Bank v. Haller, 103 Tenn. 73, 78, 52 S. W. 288); and we see nothing to the contrary in the Thompson Case.   It may be added that since the rule in Tennessee is founded on the possible existence of evidence that would avoid the statute, the theory upon which the motion in arrest of judgment proceeds renders the motion inappropriate to raise a defense of that character.   Van Stone v. Stillwell & Bierce Mfg. Co., 142 U. S. 128, 135, 12 Sup. Ct. 181, 35 L. Ed. 961.   The excellent opinion of Judge Sanford in the court below dispenses with the need of further discussion.

The judgment below is affirmed, with costs.