In re VALLOZZA et al.

(District Court, D. New Jersey. May, 1915.)

BANKRUPTCY ⚎224—REFEREE—PLENARY JURISDICTION.

    Where a creditor of a bankrupt received goods in payment of his debt, the referee in bankruptcy is without jurisdiction to hear and determine in a summary manner the question of preference, where the creditor asserted his right and refused consent to the proceeding, under Bankr. Act July 1, 1898, c. 541, § 23b, 30 Stat. 552 (Comp. St. 1913, § 9607), the referee should stay such proceedings and remit the trustee to a plenary suit.

    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 383; Dec. Dig. ⚎224.]

In Bankruptcy. In the matter of the bankruptcy of Michele Vallozza and Nicola Di Giandomenico, individually and trading as the New York Clothing Company. On petition to review the referee's order directing that Antonio Siracusa pay to the trustee the sum of $848.50, the value of goods, wares, and merchandise delivered by the bankrupts within four months preceding the filing of the petition in bankruptcy. Order reversed, and cause remanded.

W. Frank Sooy, of Atlantic City, N. J., for the trustee.
Louis Stern, of Atlantic City, N. J., for Antonio Siracusa.

RELLSTAB, District Judge. The order under review was made in summary proceedings founded on a rule to show cause. Upon the return of the rule, Antonio Siracusa, the person against whom it was issued, excepted to the jurisdiction of the referee, insisting that he was an adverse claimant. He was a creditor of the bankrupts, and accepted goods, wares, and merchandise belonging to them in discharge

⚎For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of some of their indebtedness to him. His claim of right to such goods is of substance, and not a mere fictitious or colorable one.

The questions whether he obtained a preference in such transaction or whether it was tainted with fraud are not pertinent upon the issue whether such creditor is an adverse claimant. The referee had jurisdiction to issue the rule to show cause, there being sufficient in the affidavits upon which such rule was based to justify the inquiry; but as soon as it developed that a transfer of property from the bankrupts to one of their creditors had been made, to discharge some of their indebtedness to him, and that such creditor refused his consent to the referee's inquiring into the legality of such transaction in a summary way, it was the duty of the referee to stay such proceedings and remit the trustee to a plenary suit under section 23b of the Bankruptcy Act. In re Walsh Bros. (D. C., Iowa) 21 Am. Bankr. Rep. 14, 163 Fed. 352; In re Franklin Suit & Skirt Co. (D. C., Pa.) 28 Am. Bankr. Rep. 278, 197 Fed. 591; In re Lummus (D. C., Ga.) 32 Am. Bankr. Rep. 740, 214 Fed. 891. For additional authorities, see Collier on Bankruptcy (10th Ed.) pp. 489–498a; Loveland on Bankruptcy (4th Ed.) §§ 37, 540; Black on Bankruptcy, §§ 403, 404, 465; Remington on Bankruptcy (2d Ed.) §§ 1652, 1654½, 1677, 1796, 1863–1865.

As such creditor never consented to such summary jurisdiction, but always protested against it, the order under review is reversed, and the cause remanded, that proceedings plenary in their nature may be instituted, if the same be deemed advisable.