**PLYMOUTH COUNTY TRUST CO. v. Mac-DONALD.**

**No. 2541.**

Circuit Court of Appeals, First Circuit.

Nov. 21, 1931.

Joseph B. Jacobs, of Boston, Mass. (Herbert C. Thorndike, of Brockton, Mass., and Jacobs & Jacobs, of Boston, Mass., on the brief), for appellant.

Robert A. B. Cook, of Boston, Mass. (Walter J. MacDonald, of Brockton, Mass., and J. B. Rintels, of Boston, Mass., on the brief), for appellee.

Before BINGHAM and WILSON, Circuit Judges, and MORRIS, District Judge.

WILSON, Circuit Judge.

Craig, Reed & Emerson, Inc., a corporation doing business in Brockton in the commonwealth of Massachusetts, was duly adjudged a bankrupt on October 14, 1929, and the case under the usual order authorized by General Order XII (11 USCA § 53) was referred by the District Court to a referee in bankruptcy.

The appellee was elected trustee and thereupon filed a petition with the referee, setting forth that the appellant within four months of the filing of the petition in bankruptcy had applied certain funds of the bankrupt on deposit with it to a demand note of the bankrupt held by it, knowing at the time that the bankrupt was then insolvent; and that such application constituted a preference under section 60b of the Act, 11 USCA § 96(b).

Without filing an answer to the petition, it sufficiently appears from the record that the facts set forth in the petition at a hearing before the referee were denied by the appellant, and that the appellant claimed the right to apply the funds on deposit with it to its debt. An issue was thereby raised properly determinable only in a plenary suit. Louisville Trust Co. v. Comingor, 184 U. S. 18, 26, 22 S. Ct. 293, 46 L. Ed. 413; Babbitt v. Dutcher, 216 U. S. 102, 113, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Weidhorn v. Levy, 253 U. S. 268, 273, 40 S. Ct. 534, 536, 64 L. Ed. 898;

Harrison, Trustee v. Chamberlin, 271 U. S. 191, 193, 46 S. Ct. 467, 70 L. Ed. 897; Galbraith v. Vallely, 256 U. S. 48, 49, 41 S. Ct. 415, 65 L. Ed. 823; In re Rathman (C. C. A.) 183 F. 913.

By inference from the record the jurisdiction of the referee to hear the matter was informally questioned before the referee, counsel for appellant before the hearing stating: "If we are to consent to jurisdiction here, I had supposed there was absolutely no question whatever as to your hearing the case in all its phases and trying as a plenary suit."

Counsel for trustee replied: "If there is any question to be raised about the jurisdiction, I want that question to come forward now, Mr. Jacobs."

Mr. Jacobs, counsel for the appellant, then said: "There is no question about the jurisdiction, but we don't waive any rules of evidence in a plenary suit. We consent to the jurisdiction with the understanding that it is to be tried under the rules of evidence in a plenary suit."

While the appellant apparently refused to submit to summary proceedings with the referee, the effect of this colloquy, we think, was a consent by the appellant to hear the matter before the referee, if in the conduct of the hearing it was treated as a plenary suit.

The issues, therefore, are whether a referee in bankruptcy has jurisdiction under a general order of reference to hear and determine matters properly determinable only in a plenary suit; or if summary proceedings are begun before a referee by a trustee in bankruptcy to determine the right of a trustee to property formerly of the bankrupt, but held by a third party under a substantial claim of right—even though the form of the proceedings may be waived in a court of competent jurisdiction, Harrison, Trustee v. Chamberlin, supra—a referee can acquire jurisdiction by consent of the parties; or if consent be given, whether on review before a district court or an appellate court, advantage can be taken of a lack of jurisdiction in the referee.

That a referee in bankruptcy under a general order of reference has no jurisdiction, either in a summary proceeding or a plenary suit, to recover property in the possession of a third party prior to bankruptcy, if held under a substantial claim of right, was settled in the cases of Louisville Trust Co. v. Comingor, supra, and Weidhorn v. Levy, supra, in which latter case the court said:

"We find nothing in the provisions of the Bankruptcy Act that makes it necessary or reasonable to extend the authority and jurisdiction of the referee beyond the ordinary administrative proceedings in bankruptcy and such controversial matters as arise therein and are in effect a part thereof, or to extend the authority of the referee under the general reference so as to include jurisdiction over an independent and plenary suit such as the one under consideration. The provisions of the act, as well as the title of his office, indicate that the referee is to exercise powers not equal to or co-ordinate with those of the court or judge, but subordinate thereto, and he becomes 'the court' only by virtue of the order of reference. In the General Orders the word 'proceedings' occurs frequently, but never in a sense to include a plenary suit. On the other hand, 'proceedings in equity' and 'proceedings at law' are specially dealt with in General Order XXXVII [11 USCA § 53]. * * *

"Reviewing the entire matter, we conclude that under the language of the Bankruptcy Act and of the general orders in bankruptcy a referee, by virtue of a general reference under order XII (1) [11 USCA § 53], has not jurisdiction over a plenary suit in equity brought by the trustee in bankruptcy against a third party to set aside a fraudulent transfer or conveyance under section 70e [11 USCA § 110(e)], and affecting property not in the custody or control of the court of bankruptcy."

This conclusion of the Supreme Court must also apply to a plenary suit brought under section 60b, 11 USCA § 96(b) to recover a preference, since the language conferring jurisdiction in such cases on "courts of bankruptcy" is the same as in section 70e, 11 USCA § 110(e).

That summary proceedings are not proper to recover possession of property formerly of the bankrupt, and held by a third party under a substantial claim of right, was conclusively established in Louisville Trust Co. v. Comingor, supra. The right of a defendant to insist that proceedings against him to recover such property alleged to have been conveyed as a preference be brought by plenary suit is too well settled to require additional citations, but in addition to the cases above cited, see Babbitt v. Dutcher, 216 U. S. 102, 113, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas.

969; Lynch v. Roberson (C. C. A.) 287 F. 433, 436; In re Vallozza (D. C.) 225 F. 334. The qualification suggested in Harrison, Trustee v. Chamberlin, supra, and in the cases therein cited, that a defendant may consent to the determination of such issues in summary proceedings before a District Court sitting in bankruptcy, contemplates merely a waiver of the form of the proceedings and not a consent conferring jurisdiction, since a District Court under the sections above referred to has jurisdiction to determine the issue between the parties.

We think the District Court misapplied the consent clause in section 23b, 11 USCA § 46(b), which permits suits by a trustee, other than those mentioned in sections 60b, 67e, and 70e of the act, 11 USCA §§ 96(b), 107(e), 110(e), to be brought in a District Court only by consent of the defendant, unless the District Court would have had jurisdiction of an action by the bankrupt if bankruptcy proceedings had not been instituted. Bardes v. Hawarden First Nat. Bank, 178 U. S. 524, 20 S. Ct. 1000, 44 L. Ed. 1175. The consent of a defendant conferring jurisdiction under this section has no application to suits by a trustee to recover a preference, or property conveyed in fraud of creditors. Jurisdiction in such cases is expressly vested under the sections above referred to concurrently in "courts of bankruptcy" and in any state court which would have had jurisdiction in case bankruptcy had not intervened. Courts of bankruptcy, under section 1(8) of the act, 11 USCA § 1(8), include the District Courts of the United States, but not referees in bankruptcy.

Again, contrary to a ruling by the District Judge, the word "courts," as used in section 23b, is there used in a broader sense than in other parts of the act; since in this section it includes both state and federal courts, and originally included circuit courts. Bardes v. Hawarden First Nat. Bank, supra, 178 U. S. page 536, 20 S. Ct. 1000, 44 L. Ed. 1175. It obviously does not in this connection include a referee, Weidhorn v. Levy, supra, as it may in other parts of the act under section 1(7), 11 USCA § 1(7).

The District Court, therefore, erred in ruling that, because a defendant may consent to jurisdiction in the District Courts in suits by a trustee, other than suits to recover property under sections 60b, 67e, and 70e, or may consent to a summary form of proceedings in such last-mentioned cases, when originating in a District Court, the defendant in this case could by consent confer jurisdiction upon the referee in proceedings originating before him by petition to recover an alleged preference, the proceedings being summary in form and the property being in the possession of the defendant prior to bankruptcy and held under a substantial claim of right.

If the proceedings in this case had originated before the District Court, and the appellant had waived its summary nature or it had been a plenary suit, and the District Judge by special order had referred the matter to the referee, the latter could then have heard the same as a master; but a referee under a general order of reference, having no jurisdiction over the subject-matter, cannot acquire jurisdiction by consent of parties. Exporters of Mfrs.' Products v. Butterworth-Judson Co., 258 U. S. 365, 42 S. Ct. 331, 66 L. Ed. 663; Nixon v. Michaels (C. C. A.) 38 F.(2d) 420, 423; Chicago, B. & Q. Ry. Co. v. Willard, 220 U. S. 413, 420, 31 S. Ct. 460, 55 L. Ed. 521.

The objection to the jurisdiction of the referee before the District Court after the appellant had consented to the referee hearing the matter may have been "unsportsmanlike," as it was characterized by the District Judge; but lack of jurisdiction may be raised on review, and at any stage of the proceedings. In re Petronio (C. C. A.) 220 F. 269, 273; In re Ballou (D. C.) 215 F. 810, 813; Nixon v. Michaels (C. C. A.) 38 F.(2d) 420, 423; Louisville Trust Co. v. Comingor, supra, 184 U. S. page 26, 22 S. Ct. 293, 46 L. Ed. 413; Mansfield, C. & L. M. Ry. Co. v. Swan, 111 U. S. 379, 382, 4 S. Ct. 510, 28 L. Ed. 462; Chicago, B. & Q. Ry. Co. v. Willard, supra, 220 U. S. page 419, 31 S. Ct. 460, 55 L. Ed. 521. A litigant is not bound by the findings of any tribunal having no jurisdiction over the subject-matter, even if found with his consent. The proceedings before the referee were coram non judice.

While it may result in delay in determining the issue between these parties, the decision of the District Court must be reversed with costs, leaving the trustee to proceed by a plenary suit in a court of competent jurisdiction.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion; the appellant recovers costs of appeal.