## UNITED STATES v. KNOTT.
### No. 6417.

Circuit Court of Appeals, Sixth Circuit.

March 16, 1934.

W. C. Pickett and L. A. Lawlor, both of Washington, D. C. (T. J. Sparks and Frank A. Ropke, both of Louisville, Ky., and E. E. Odom and John M. George, both of Washington, D. C., on the brief), for the United States.

P. B. Miller, of Louisville, Ky. (Frank C. Wade, of Terre Haute, Ind., on the brief), for appellee.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

HAHN, District Judge.

Appellee, John F. Knott, entered into the United States military service September 6,

1917. He was honorably discharged therefrom on April 14, 1919. During his service he was granted a contract of yearly renewable term war risk insurance upon which he paid premiums through the month of April, 1919. He paid no premiums thereafter, and his insurance lapsed for nonpayment of premiums on May 1, 1919. Having made a claim to the Veterans' Administration that he was entitled to the benefits of said policy on the ground that he became totally and permanently disabled because of pulmonary tuberculosis on April 14, 1919, and there having been a disagreement between him and the Veterans' Administration as to said claim, appellee on July 8, 1929, filed his petition in the court below. By written consent a jury was waived, and the case was submitted to the court, who found in favor of the appellant.

On motion a new trial was granted. One of the grounds of said motion was that appellee's counsel had just discovered that during the year 1922 appellee was entitled to disability compensation, that during the period that the same remained unpaid to him he had become totally and permanently disabled, and that he was therefore entitled to recover under his policy of insurance under favor of section 305[1] of the World War Veterans' Act 1924, as amended .(38 USCA § 516). After the granting of the motion for a new trial, appellee filed an amended petition alleging that effective January 5, 1922, the Bureau had found and determined that he was entitled to receive a balance in compensation during the period from his discharge in the amount of $170.36, which amount was not paid to him until November 21, 1922, and that he became totally and permanently disabled on January 17, 1922.

By its answer the government admitted the foregoing allegations, except that it denied that appellee became permanently and totally disabled on January 17, 1922. The government also admitted that under section 305 of the World War Veterans' Act 1924, as amended (38 USCA § 516), the amount alleged due appellee would yield insurance to him under his policy in the amount of $7,-432.62. While admitting that disability compensation in the amount of $170.36 was due

appellee as aforesaid, the government alleged that the rating by which said amount was adjudged to be due appellee was erroneous, and that, by reason of said redetermination by the Bureau, appellee was not entitled to recover insurance under favor of section 305 of the World War Veterans' Act 1924, as amended (38 USCA § 516).

Upon the new trial upon appellee's amended petition, the case was again submitted to the court on the evidence taken on the former trial at which the proofs were directed to the establishment of the allegation that appellee became totally and permanently disabled on the 14th day of April, 1919, as alleged in his petition. In addition to the evidence taken at the former trial, a stipulation was entered into between the parties, which added to the evidence before the court upon the first trial only Exhibits 1 to 12, inclusive, which set out the ratings and re-ratings with reference to appellee's service disability and the compensation to which he was entitled on account thereof.

■ It is settled that the disagreement between the Bureau and the insured, provided for in section 19 of the act, as amended (38 USCA § 445), is a jurisdictional prerequisite to an action against the United States on a policy of War Risk Insurance. United States v. Jackson (C. C. A. 10) 34 F.(2d) 241, 73 A. L. R. 316; Manke v. United States (C. C. A. 9) 38 F.(2d) 624; Berntsen v. United States (C. C. A. 9) 41 F.(2d) 663; United States v. Burleyson (C. C. A. 9) 44 F.(2d) 502; United States v. Ranes (C. C. A. 9) 48 F.(2d) 582; United States v. Peters (C. C. A. 8) 62 F.(2d) 977. And it has been held that the disagreement necessary to give jurisdiction to the courts must be a rejection of the identical claim sued upon. Berntsen v. United States, supra, page 665 of 41 F.(2d). In United States v. Burleyson, supra, it was said: "The United States, like every other sovereign, has a right to prescribe the terms and conditions upon which it may be sued, and, in an action such as this, a disagreement between the Bureau and the insured is a jurisdictional prerequisite."

The amended petition on which a new trial was had makes no direct allegation as to

---

[1] Section 305 (38 USCA § 516): "Where any person has, prior to June 7, 1924, allowed his insurance to lapse, * * * while suffering from a compensable disability for which compensation was not collected and * * * becomes or has become permanently and totally disabled and at the time of such * * * permanent total disability was or is entitled to compensation remaining uncollected, then and in that event so much of his insurance as said uncollected compensation, computed in all cases at the rate provided by section 302 of the War Risk Insurance Act as amended December 24, 1919, * * * would purchase if applied as premiums when due, shall not be considered as lapsed. * * * *"

a claim and a disagreement. The amended petition, however, alleges that, after the original trial, the trial judge requested the Regional Attorney to ascertain from the Bureau Actuary the amount of insurance which $170.36 would revive under section 305. It is alleged that there was no compliance with this request, and that the Commander of a chapter of Disabled American Veterans of the World War telegraphed United States Senator Barkley, requesting him to ascertain this amount from the Veterans' Bureau. Apparently in compliance with a request from Senator Barkley, the Special Counsel for the Administrator advised him by letter under date of February 13, 1932, as to the amount of insurance that would be so revived. The letter of Senator Barkley to the Bureau is not in evidence. The letter of the Special Counsel advises that the "administration records are in Louisville, Kentucky, in connection with litigation instituted by John F. Knott"; that the Regional Attorney there states that $170.36 in compensation was paid to the insured; that the rating was subsequently canceled under a finding that it was erroneous; and "that the administration does not admit liability for this amount of insurance and that the court has not as yet found that plaintiff became permanently and totally disabled on January 17, 1932 (1922?) or that the rating allowing him $170.36 compensation was unlawfully cancelled." The answer admits that this letter was written to Senator Barkley by the Special Counsel. No other or further evidence was offered upon the subject.

The trial having been had in part upon the record of the former trial, that record carried with it a stipulation that a disagreement existed between the plaintiff and the United States Veterans' Bureau as to plaintiff's claim of total permanent disability from the date of his discharge until the date of the trial and as to plaintiff's right to collect insurance benefits in the amount of $57.50 per month for each and every month since the 14th day of April, 1919.

The evidence does not disclose the character and extent of the claim made to the Bureau before the filing of the original petition which resulted in this stipulation. We are therefore unable upon the present record to determine whether the claim so presented to the Bureau supported and justified the filing of the amended petition within the principles of U. S. v. Memphis Cotton Oil Co., 288 U. S. 62, 53 S. Ct. 278, 77 L. Ed. 619; U. S. v. Factors & Finance Co., 288 U. S. 89, 53 S. Ct. 287, 77 L. Ed. 633; and Bemis Bros. Bag Co. v. U. S., 289 U. S. 28, 53 S. Ct. 454,

77 L. Ed. 1011. And contrast U. S. v. Prentiss, 288 U. S. 73, 53 S. Ct. 283, 77 L. Ed. 626, and Bryant Paper Co. v. Marie Sprague Holden (C. C. A. 6) 63 F.(2d) 370, rehearing denied (C. C. A.) 65 F.(2d) 1012. Compare Straw v. U. S. (C. C. A. 9) 62 F.(2d) 757, 759, relied on by appellee.

■■ The evidential force of the correspondence set out in the amended petition, in the absence of the letter from Senator Barkley to the Bureau, goes no further than to support an inference that Senator Barkley's assistance was solicited to do what the trial judge had requested of the Regional Attorney. The correspondence shows that the trial judge had asked the latter to ascertain from the Bureau Actuary the amount of insurance that $170.36 would revive under section 305. The letter from Senator Barkley to the Bureau not having been produced by the appellee, we cannot indulge the presumption that it was in any aspect favorable to any contention of appellee. Assuming that in the proper setting a letter from the Special Counsel of the Bureau may be prima facie evidence of the necessary disagreement [Falbo v. United States (C. C. A. 9) 64 F.(2d) 948], the letter set out in the amended petition is wholly consistent with the view that, in addition to giving the requested figures, it was a courteous answer to inquiries of Senator Barkley relating to the status of appellee's claim for insurance. The position taken by the government in its answer and in subsequent proceedings at the trial may indicate that, had a claim been presented, a disagreement would have resulted, but such a showing is not sufficient to satisfy the statute. As was said by Mr. Justice Stone in construing a statute carrying analogous requirements: "The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation. * * * It is not within the judicial province to read out of the statute the requirement of its words." United States v. Felt & Tarrant Mfg. Co., 283 U. S. 269, 273, 51 S. Ct. 376, 378, 75 L. Ed. 1025.

■ The burden was upon appellee to establish the presentation of a claim and that a disagreement existed with reference thereto. In its most favorable aspect appellee's evidence fell within the rule announced in Pennsylvania R. R. Co. v. Chamberlain, 288 U. S. 333, 53 S. Ct. 391, 77 L. Ed. 819; Pittsburgh S. S. Co. v. Palo (C. C. A.) 64 F.(2d) 198,

201; and see Gunning v. Cooley, 281 U. S. 90, 50 S. Ct. 231, 74 L. Ed. 720. No substantial evidence having been adduced establishing such claim and disagreement, the judgment of the court below must be reversed.[2]

■ We do not agree with the contention of the government that the courts have no jurisdiction to award insurance where the right of recovery is based upon section 305. It was held in Armstrong v. U. S. (C. C. A. 8) 16 F.(2d) 387 [and see Maddox v. U. S. (C. C. A. 8) 16 F.(2d) 390], that it was the exclusive function of the Bureau to determine the disability compensation, if any, to which a claimant is entitled. The decision was based largely upon the principles of Silberschein v. U. S., 266 U. S. 221, 45 S. Ct. 69, 69 L. Ed. 256. The contention of the government is that it is the exclusive function of the Bureau to determine all of the facts where the claim for insurance is under section 305. The question has been many times before the Circuit Courts of Appeals and the District Courts, and the courts have uniformly held in harmony with Armstrong v. U. S., supra, that the only exclusive function vested in the Bureau is that of determination of the disability compensation, and that the other questions after the existence of a disagreement between the Bureau and the claimant are for the courts, as in the ordinary suit to recover war risk insurance, provided for by section 19 of the act. The question was elaborately considered in U. S. v. Hendrickson (C. C. A. 10) 53 F.(2d) 797, and many of the prior cases are cited. The opinion in that case, with whose conclusions we are in agreement, makes further extended discussion of the question unnecessary.

The reliance of the government is upon Silberschein v. U. S., supra, and especially upon Meadows v. U. S., 281 U. S. 271, 50 S. Ct. 279, 74 L. Ed. 852, 73 A. L. R. 310. The Silberschein Case goes no further than does Armstrong v. U. S., supra. In the Meadows Case it was held that the courts have no jurisdiction to review a decision of the Director of the United States Veterans' Bureau to the effect that the soldier was totally and permanently disabled at the time he applied for a reinstatement of a lapsed insurance policy under the War Risk Insurance Act. The reasoning underlying the court's holding is that the question was within the exclusive province of the Bureau because no contract of insurance was involved. There was no contract of insurance until the Bureau had acted, and the courts have no jurisdiction under section 19 except to enforce an existing contract of insurance. Such is not the situation where recovery is sought under favor of section 305. Under section 305, the insurance policy is revived by the occurrence of the matters referred to in the statute. The insurance is revived upon the concurrence of two events—first, unpaid compensable disability due the soldier at the time his policy lapsed for nonpayment of premiums, and, second, the subsequent death or total and permanent disability of the soldier before the compensation due him for disability is paid to him. Neither the action of the Bureau or the courts is required to revive the insurance. See 35 Op. Attys. Gen. 243, 244, quoted U. S. v. Hendrickson, supra, at page 800 of 53 F.(2d). The action for recovery under section 305 is therefore the ordinary action for the recovery of war risk insurance based upon an existing policy, which is in full force and effect because of the occurrence of these events.

Since it is open to the government upon the further trial of this cause to explain its records and to offer testimony as to whether or not the different medical advisors and boards acted upon the same or different evidence, and, since it is open to both parties, upon such further trial, to offer additional evidence touching the alleged total and permanent disability of the appellee on January 17, 1922, we do not comment upon the assignments of error relating to these matters.

No assignment of error related to the claimed application of the statutory bar or limitations of 38 USCA § 445. It may be observed, without so deciding, that it may have been necessary also to specially plead the statute. It is true that the statute relied upon is in part in the same language as a provision of the Tucker Act (28 USCA § 41 (20), and it has been held that this provision of the Tucker Act need not be specially pleaded. Carpenter v. U. S. (C. C. A. 2) 56 F.(2d) 828, 829 (contrast Gormley v. Bunyan, 138 U. S. 623, 635, 11 S. Ct. 453, 34 L. Ed. 1086, and Carolina, C. & O. R. R. v. Mumpower [C. C. A. 6] 205 F. 872, 874). However, the statute relied upon has a proviso, not found in the Tucker Act, suspending the limitation of

---

2 We have found it unnecessary to determine whether the last paragraph of 38 USCA § 445, amended July 3, 1930, § 4 (paragraph 7), applies to this action and whether claimant, as to the claim of the amended petition, was first required to exhaust his administrative remedies. Westling v. United States (C. C. A. 9) 64 F.(2d) 464.

the statute for the period elapsing between the filing of the claim in the Bureau and the denial thereof by the Director.

The judgment of the District Court is reversed, and the cause remanded for a new trial.

