## UNITED STATES v. MILLS et al.
### No. 7150.

Circuit Court of Appeals, Sixth Circuit.
June 28, 1937.

488

T. E. Walsh, of Washington, D. C. (William McClanahan and Joseph Bearman, both of Memphis, Tenn., and Will G. Beardslee, Wilbur C. Pickett, and J. Gregory Bruce, all of Washington, D. C., on the brief), for the United States.

H. C. Murchison, of Jackson, Tenn. (Frank L. Johnson, of Jackson, Tenn., Joe A. Appleby, of Lexington, Tenn., and Murchison & Patterson, of Jackson, Tenn., on the brief), for appellees.

Before MOORMAN, SIMONS, and ALLEN, Circuit Judges.

MOORMAN, Circuit Judge.

This is a suit to recover the permanent and total disability benefits under a contract of war risk insurance issued to Beverley Dave Mills while in the military service of the United States. Mills died on August 21, 1924. The suit was brought by his widow, Ethel Mills, individually and as administratrix of his estate, and his mother and father, J. P. and Fannie Mills. At the conclusion of the hearing below, the trial court directed the jury to find that the veteran became permanently and totally disabled on February 8, 1919, during the life of the policy, and to return a verdict for Ethel Mills individually for the monthly disability benefits accruing under the policy from that date until the date of the veteran's death but to find for the government as against the mother and father, who, as the court found, had no interest in the benefits. Findings were made as directed and judgment rendered accordingly. Later the judgment was amended by direction of the court to run in favor of Ethel Mills as administratrix of the estate of the veteran. Later also the government filed what it designated as an extraordinary plea to the jurisdiction of the court to hear and determine the cause as to the administratrix. This plea alleged that there had been no precedent disagreement between her and the government, and that there was no jurisdiction in the court to hear and determine a suit on her claim. After hearing proofs on the plea, the court overruled it.

A disagreement between the claimant and the government as to a claim is a jurisdictional requisite to a suit on the claim. United States v. Valndza, 81 F.(2d) 615 (C.C.A.6). There was no disagreement between the appellee and the Bureau as to any claim filed by her. She inquired of the Bureau about making a claim, it is true, and thereafter was notified of the rejection of a claim filed by the veteran's father and mother, but she did not herself file a claim, and the Bureau rejected none filed by or for her. Her inquiry, even if it may be treated as a claim filed and rejected, was made after the time for filing claim had expired, and could confer on her no right to bring suit. Section 19, World War Veterans' Act, as amended by the Act July 3, 1930, 38 U.S.C.A. § 445.

The parents of the veteran filed a claim with the Bureau which was denied December 4, 1931. Appellee contends that the rejection of their claim was a disagreement upon which jurisdiction of the court to hear and determine her suit may be founded. At the time their claim was filed, she filed an affidavit supporting it in which she stated that she had married the insured and had lived with him until his death, and that they had no surviving children. She stated nothing, however, to indicate that she was making any claim under the policy. The parents nowhere intimated that they were filing their claim in her behalf or for any one but themselves. Its rejection cannot be considered a disagreement as to a claim of appellee. Cf. United States v. Primilton, 76 F.(2d) 555 (C.C.A.5). The statute says: "In the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder," an action on the claim may be brought. This means, we think, disagreement with the person making the claim, not some other person, such as the mother or father of the veteran here, who could have no right to or interest in the insurance. The notice, therefore, of the denial of the claim of the parents given to Ethel Mills did not constitute a disagreement between her and the Bureau, for no claim made by her or on her behalf was ever filed with or rejected by the Bureau. The statute makes it a condition to the right to sue that there be a precedent disagreement with the party suing. It is not enough to show that a claim, if made, would have been denied. United States v. Knott, 69 F. (2d) 907 (C.C.A.6). The question is one that goes to the right of a court to hear and determine the case, and is available at any stage of the proceedings, even on appeal. Commercial Trust Co. v. United States Shipping Board E. F. Corporation (C.C. A.) 48 F.(2d) 113; Plymouth County Trust Co. v. McDonald (C.C.A.) 53 F.(2d) 827; United States v. Trollinger, 81 F.(2d) 167 (C.C.A.4).

Nor is the government estopped from relying on the absence of the jurisdictional fact of prior disagreement by reason of the failure of the Bureau officials to advise the appellee that she was the sole heir at law of the deceased veteran and to file a claim under the policy for herself, or on account of the notice given her of denial of the claim of the parents. It was not the duty of the Bureau officials to advise her that she was the sole beneficiary of the deceased under the law of Tennessee. She was not the beneficiary named in the insurance policy, and the officials could not know whether she was his sole heir at law or what claims there might be against his estate. Besides, she was a citizen of Tennessee and herself knew or could have known her rights in the estate. In that situation she cannot claim that she was misled by the failure of the Bureau to request her to file a claim in her own name, or by the notice given her of the rejection of the claim of the parents. She could not have been prejudiced by the notice of rejection of the parents' claim, for when that notice was given it was too late for her to file claim in her own name.

We conclude that there was no jurisdiction in the court to hear and determine the claim of the administratrix, and for that reason the judgment is reversed and the cause remanded, with direction to dismiss her petition.