## MOORE v. UNITED STATES.

### No. 83.

District Court, W. D. Kentucky, Bowling Green.

March 23, 1945.

H. W. Vincent, of Covington, Ky., for plaintiff.

Eli H. Brown, III, U. S. Atty., of Louisville, Ky., and Richard N. Ivins, Sp. Asst. to the Atty. Gen., for defendant.

SWINFORD, District Judge.

Pink Vaughn enlisted in the military service of the United States on May 11, 1917, and died while in the service on October 25, 1918. While in the military service, effective December 1, 1917, he applied for and was granted a contract of war risk, yearly renewable, term insurance in the amount of $10,000, for which he designated Elmer Vaughn, described as his father, as beneficiary.

Effective October 26, 1918, Elmer Vaughn was awarded and paid insurance benefits in the amount of $57.50, in monthly installments, from October 26, 1918, to and including April 30, 1923, when payment of the benefits, for want of sufficient address of the beneficiary, Elmer Vaughn, was stopped. Elmer Vaughn disappeared from his home in Butler County, Kentucky, in this District, and has never returned. The record contains stipulations whereby it is presented that he was known to be living in the Western part of the United States until 1939, but shortly thereafter, and before the commencement of this action, he died intestate.

He was never able to identify himself sufficiently to the Veteran's Bureau in Washington to cause it to renew the monthly payments on the insurance contract. The record contains the following stipulation:

"8—It is further stipulated and agreed between the parties that from the date of the death of Pink Vaughn, the insured, there was paid to the beneficiary, Elmer Vaughn, deceased, fifty-five (55) installments of insurance benefits of Fifty-Seven Dollars and Fifty Cents ($57.50), and that each were paid to the beneficiary, Elmer Vaughn, deceased, from October 26, 1918, to and including the installment payable on April 26, 1923.

"9—It is further stipulated and agreed with the parties that the United States of America is obligated under the contract of insurance to pay the remaining one hundred eighty-five (185) installments, or their value, to the estate of Elmer Vaughn, deceased, or to the estate of Pink Vaughn, deceased, and this supplemental stipulation and the original stipulation, and the complaint and answer thereto, are submitted to the Court for the determination of this Honorable Court, in order that the United States of America may pay the remaining one hundred eighty-five (185) installments to the person, or the estate of the person, legally entitled thereto."

On the 3rd day of February 1941 W. A. Moore qualified as administrator of the estate of Pink Vaughn by order of the County Court of Butler County, Kentucky and on April 9, 1942, as such administrator, instituted this action.

After certain proceedings were had and proof heard, it was adjudged that W. A. Moore, as administrator of the estate of

Pink Vaughn, recover nothing and that his complaint be dismissed with prejudice. This court, in a memorandum, expressed the opinion that since all the payments had accrued during the life of the beneficiary, those remaining unpaid were the property of his estate and were in no way the property of the estate of Pink Vaughn and that, therefore, W. A. Moore, as Pink Vaughn's administrator, could not recover. The judgment provided, "The accrued and unpaid installments are a part of the estate of the beneficiary, Elmer Vaughn, deceased."

This judgment, endorsed "approved" by attorneys of record for both the plaintiff and defendant, was submitted to the court for signature and entry and was signed and entered as of September 21, 1944.

On September 28, 1944, the plaintiff, through his attorney, filed a motion to set aside the judgment and to reopen the case and have leave to file an amended complaint. This motion was accompanied by certain affidavits in which it is stated that the heirs at law of Pink Vaughn were and are the same and identical persons as the surviving heirs at law of Elmer Vaughn and that they are the only heirs of either of the deceased persons and the persons who would be entitled to recover the amount of money which the Government admits owing according to the Congressional Act obtaining in such cases.

The amended complaint, which is tendered with the motion and affidavits, alleges that W. A. Moore, on the 2nd day of September, 1944, was duly appointed administrator of the estate of Elmer Vaughn, deceased and prays that he be allowed to file his amended complaint and join in the action as administrator of the estate of Elmer Vaughn, and that he be allowed to receive the 185 installments admittedly due from the United States Government under the insurance contract involved in the litigation. Prays for all equitable relief.

The United States seriously objects to the filing of this amended complaint on the ground that it introduces an entirely new party plaintiff and that there has been no disagreement between the United States and W. A. Moore, as administrator of the estate of Elmer Vaughn. That to permit W. A. Moore, as administrator of Elmer Vaughn's estate to now intervene would be to ignore the limitation provision of the statutes, in which the sovereign Government permitted itself to be sued.

The first question which should be considered is the right of the court to set aside a judgment duly entered. It is a well-recognized rule of reason and justice that a party is entitled to his day in court but there must be an end to litigation. This case had been pending several months before it came to trial, and the memorandum opinion was handed down on August 18, 1944, but no steps were taken before judgment was entered to remedy the defect pointed out in the opinion. A judgment should not be lightly set aside.

However, it is well recognized that where justice requires, formalities of procedure should not interfere. A new trial may be granted and the court may open the judgment and take additional testimony for any of the reasons for which rehearings have been granted in suits in equity in the courts of the United States. Federal Rules of Civil Procedure, rule 59, 28 U.S. C.A. following section 723c.

Consequently, there is no need to let the judgment stand in the way, if the justice of this case requires that it be reopened for further proceedings.

The question here is not new. It has been before the courts many times and has been directly passed upon by our own Sixth Circuit Court of Appeals, in the case of United States v. Mills, 6 Cir., 91 F.2d 487.

In that case, after the death of Mills, the suit was brought by his widow, Ethel Mills, individually and as administratrix of his estate, and his mother and father, J. P. and Fannie Mills. At the conclusion of the case, the court directed the jury to return a verdict for Ethel Mills, individually, but to find for the Government as against the mother and father, who had no interest in the benefits. Later the judgment was amended by direction of the court to run in favor of Ethel Mills, as administratrix of the estate of the veteran. The Government, thereupon, filed what it designated as an extra ordinary plea to the jurisdiction of the court to hear and determine the cause as to the administratrix. This plea alleged that there had been no precedent disagreement between her and the Government and that there was no jurisdiction in the court to hear and determine a suit on her claim. By proof it was disclosed that the parents of the veteran, J. P. and Fannie Mills, had filed a claim with the Bureau which had been denied, but that Ethel Mills had not filed a claim and there was

no disagreement between her and the Bureau. She contended that the investigation by the Bureau of the claim filed by the parents of the veteran was a disagreement upon which jurisdiction of the court to hear and determine her suit could be found. It was pointed out that the parents nowhere indicated that they were filing their claim in her behalf or for anyone but themselves. The Sixth Circuit Court of Appeals, citing the case of United States v. Primilton, 5 Cir., 76 F.2d 555, held that the rejection of the claim filed by the parents could not be considered a disagreement as to the claim of Ethel Mills, as administratrix. To use the language of the court, "A disagreement between the claimant and the government as to a claim is a jurisdictional requisite to a suit on the claim." [91 F.2d 489] Further on in the opinion the court quoted the statutes to the effect that "in the event of disagreement as to claim under a contract of insurance between the bureau and any person or persons claiming thereunder", an action on the claim could be brought and said: "This means, we think, disagreement with the person making the claim, not some other person, such as the mother or father of the veteran here, who could have no right to or interest in the insurance. The notice, therefore, of the denial of the claim of the parents given to Ethel Mills did not constitute a disagreement between her and the Bureau, for no claim made by her or on her behalf was ever filed with or rejected by the Bureau. The statute makes it a condition to the right to sue that there be a precedent disagreement with the party suing. It is not enough to show that a claim, if made, would have been denied. United States v. Knott, 6 Cir., 69 F.2d 907. The question is one that goes to the right of the court to hear and determine the case, and is available at any stage of the proceedings, even on appeal. Commercial Trust Co. v. United States Shipping Board Emergency Fleet Corporation, 2 Cir., 48 F. 2d 113; Plymouth County Trust Co. v. McDonald, 1 Cir., 53 F.2d 827; United States v. Trollinger, 4 Cir., 81 F.2d 167.

In the earlier case which was before the Sixth Circuit Court of Appeals of United States v. Knott, supra, the court stated that to establish the presentation of a claim and the disagreement with reference thereto, the burden was upon the plaintiff and that this was a jurisdictional fact. The opinion contained the following quotation in the case of United States v. Felt & Tarrant, 283 U.S. 269, 51 S.Ct. 376, 378, 75 L. Ed. 1025: "The necessity for filing a claim such as the statute requires is not dispensed with because the claim may be rejected. It is the rejection which makes the suit necessary. An anticipated rejection of the claim, which the statute contemplates, is not a ground for suspending its operation. * * * It is not within the judicial province to read out of the statute the requirement of its words."

These and other cases lay down the very correct interpretation of the statute that the filing of a claim and its denial constitute a disagreement; that this is a jurisdictional fact which must appear on the face of the pleadings in order for the plaintiff to maintain an action on a contract of war risk insurance. It is a requirement that is both reasonable and just. After a claim is presented to be settled administratively it may be acknowledged and paid by the Veterans' Bureau and no suit, with its consequent trouble and expense, is necessary. It gives the Government notice that a claim is being made by a particular person and it, thus, has an opportunity to make an investigation and determine whether there is liability. Johnson v. United States, 10 Cir., 102 F.2d 729; United States v. Townsend, 4 Cir., 81 F.2d 1013; Coffey v. United States, 7 Cir., 97 F. 2d 762; United States v. Primilton, 5 Cir., 76 F.2d 555.

While acknowledging the soundness of the rule established by these authorities and in no wise attempting to modify or depart from the established principles of United States v. Mills, supra, as given by our own Sixth Circuit Court of Appeals, I believe the case at bar is easily and clearly distinguishable.

There have been in the various circuits what might be called either strict or liberal construction of the statutory enactments pertaining to war risk insurance. In the light of the record here and the facts as presented by this case, it is not proper to classify this ruling as following either the so-called strict or liberal construction. In the instant case there is no change of parties as was the case in the Mills case, in which Ethel Mills was seeking to take advantage of a claim presented by J. P. and Fannie Mills. The recovery by Ethel Mills, administratrix, meant that the money would be distributed to one individual or group of individuals, according to the state law, while a recovery by the persons who had made the claim to the Bureau, as re-

quired by statute, would have meant that the recovery would have gone to another individual or set of individuals.

In this case W. A. Moore, the same person, as administrator of the estate of Pink Vaughn, had a disagreement as required by the statutes and sought to recover for the heirs of Pink Vaughn. W. A. Moore, the same individual, now as administrator of Elmer Vaughn, seeks to recover for the heirs of Elmer Vaughn, who are the identical persons as the heirs of Pink Vaughn. It is true that W. A. Moore, as administrator of Elmer Vaughn, has had no disagreement with the Bureau and is relying upon his disagreement as the administrator of Pink Vaughn. But the whole purpose of securing the disagreement in the first place was to recover for the same individuals for whom he is now seeking to recover as administrator of Elmer Vaughn.

The defendant, the United States, holds the money which was due Pink Vaughn as a veteran who died in the service. It says, by stipulation, that it owes the money to the personal representative of either Elmer or Pink. It stipulates that both are dead and the record discloses that the same individual, W. A. Moore, seeking to recover for the same ultimate beneficiaries, did have the requisite disagreement on the claim.

The case of United States v. Powell, 4 Cir., 93 F.2d 788, 790, was one in which the claim was filed by the administrator of the soldier for the benefit of persons who at that time were entitled to the full amount of the policy. A part of the money which these persons were entitled to recover was technically recoverable for them by the administrator of their father and mother instead of by the administrator of their brother. The court held that this should not be allowed to defeat their rights. That where a claim has been filed in behalf of the persons in whose interest suit has been brought and where the only effect of the amendment is to change the capacity in which the plaintiff sues in their behalf, it would be an undue straining at a technicality to hold that such amendment should be denied.

The following quotation is taken from the opinion in the. Powell case. I recite this portion of the opinion in full as it sets forth clearly the attitude of the Federal Courts and, expressly the Supreme Court, on this question with a full citation of pertinent authorities:

"The attitude of the Supreme Court on the question of permitting amendments of this character was well stated in the recent case of United States v. Memphis Cotton Oil Co., 288 U.S. 62, 68, 53 S.Ct. 278, 280, 77 L.Ed. 619, as follows: 'It has fixed the limits of amendment with increasing liberality. A change of the legal theory of the action, "a departure from law to law", has at times been offered as a test. Union Pac. Ry. Co. v. Wyler, 158 U.S. 285, 295, 15 S. Ct. 877, 39 L.Ed. 983. Later decisions have made it clear that this test is no longer accepted as one of general validity. Thus, in Missouri, Kansas, & Texas Ry. Co. v. Wulf, 226 U.S. 570, 33 S.Ct. 135, 57 L.Ed. 355, Ann.Cas.1914B, 134, plaintiff suing in her individual capacity under a Kansas statute for her son's death was allowed to amend to sue as administratrix under the Federal Employers' Liability Act, 45 U.S. C.A. §§ 51–59, after the statute of limitations would have barred another action. In New York Central & R. R. R. Co. v. Kinney, 260 U.S. 340, 43 S.Ct. 122, 67 L.Ed. 294, there was in substance the same ruling. In Friederichsen v. Renard, 247 U.S. 207, 38 S.Ct. 450, 62 L.Ed. 1075, a cause of action by a defrauded buyer to set aside a contract was turned into a cause of action to recover damages for deceit. "Of course an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied." ' "

In the case of Lopez v. United States, 4 Cir., 82 F.2d 982, 987, the court reviewed the authorities and the apparent differences of opinion in permitting amendments of this kind, but concluded, "the clear weight of authority supports the rule, that 'an amendment changing capacity in which a plaintiff sues does not change the cause of action so as to let in the defense of limitations.' "

The statute, 43 Stats. 613, 38 U.S.C.A. § 445, provides that "all persons having or claiming to have an interest in such insurance may be made parties to such suit, and such as are not inhabitants of or found within the district in which suit is brought may be brought in by order of the court to be served personally or by publication or in such other reasonable manner as the court may direct."

The opinion in the case of Marsh v. United States, 4 Cir., 97 F.2d 327, quotes this language and then makes the observation that in the judgment of the court, this provision of the statute should be construed as permitting intervention in an action seasonably instituted after disagreement to recover under the policy, even though the parties who seek to intervene have not filed a claim within the period of limitations. This case further points out that Congress has shown great liberality in extending the period for the re-institution of a suit which failed because of defect of process or other reason.

While it is true that forceful argument can be made to the contrary, I must conclude in the light of all the circumstances disclosed by the record in this case, that the motion of the plaintiff to set aside judgment dismissing the complaint, and permit the filing of an amended complaint, should be sustained.

An order to that effect is this day entered.