## FOUTS v. UNITED STATES.

### No. 7068.

Circuit Court of Appeals, Fifth Circuit.

Oct. 25, 1933.

Paul T. Chance, of Augusta, Ga., for appellant.

Chas. L. Redding, U. S. Atty., of Savannah, Ga., Lawton H. Ware, Veterans' Administration, of Atlanta, Ga., and Randolph Shaw, Sp. Asst. to Atty. Gen.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

Allie Rae Fouts, as executrix of John Franklin Bell, sued upon a policy of war risk insurance, alleging that the United States, acting through the Veterans' Bureau, had rejected her claim, and that a disagreement thus arose. A special plea was filed that no appeal had been taken to the Director of the Veterans' Bureau and no denial of the claim had been made by him or any one acting in his name. On a trial of the plea a verdict was directed sustaining it, and the suit was dismissed. This appeal followed.

The evidence in the bill of exceptions consists mostly of extracts from letters,. no signatures being shown, which are recited to have passed between "the Veterans' Bureau" and "the counsel for plaintiff." They show that the executrix made claim under the policy, that the Bureau wrote that only a part of the insurance which had been revived under section 305 of the World War Veterans' Act, 38 USCA, § 516, was of force, and that it went to a relative of the soldier who was named sole legatee in his will rather than to the executrix. No formal judgment is shown. Thereafter "the Veterans' Bureau" was requested by "Plaintiff's counsel" to "review the insurance feature of this case" with additional proofs. The Bureau replied, stating that the request would be acted on by the Insurance Council, and sent a blank to be filled out touching the deceased, which blank was executed and returned. No further action on the claim appears to have been taken before suit was filed. Plaintiff's counsel was representing both the executrix and the legatee, and he argues that the request for review was made in behalf of the legatee, with the sole purpose of getting allowed to her the face of the policy rather than the lesser amount awarded; and that he understood the letter stating that the executrix took nothing to be a final rejection of her claim. This contention can hardly be sustained, seeing that the record expressly states that plaintiff's counsel made the request for a review, not that the counsel for the legatee did. But, taking his contention as correct, the executrix none the less sued prematurely. The administration of the War Risk Insurance is committed to the Veterans' Bureau, and the Director is to decide all questions arising about it. 38 USCA § 426. Suit is permitted only

after a disagreement is reached; and, because of dispute as to what would constitute a disagreement, it was enacted July 3, 1930, 46 Stats. 993 (38 USCA § 445), that "the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director." There is nothing in this record to show that any appeal was ever taken to the Director of the Veterans' Bureau, or that he or any one acting for him had rejected the claim of the executrix. The Director is not mentioned in the pleadings or in the evidence as we have it. Congress could so condition the consent of the United States to be sued as to require a precedent appeal to the Director and adverse action by him. The suit may not be maintained otherwise. United States v. Densmore (C. C. A.) 58 F.(2d) 748; United States v. Collins (C. C. A.) 61 F.(2d) 1002; Griffin v. United States (C. C. A.) 60 F.(2d) 339; United States v. Peters (C. C. A.) 62 F.(2d) 977; Straw v. United States (C. C. A.) 62 F.(2d) 757. It is the general rule that in suing a government administrative remedies must be exhausted before appeal is made to the courts. Error is not made to appear.

Judgment affirmed.