## EIDAM et al. v. UNITED STATES.
### No. 10063.

Circuit Court of Appeals, Eighth Circuit.
Nov. 26, 1934.

Howard Saxton, of Omaha, Neb., for appellants.

C. L. Dawson, Atty., Department of Justice, of Washington, D. C. (Charles E. Sandall, U. S. Atty., of Omaha, Neb., Frederick H. Wagener, Atty., Department of Justice, of Lincoln, Neb., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and J. Gregory Bruce, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before GARDNER, SANBORN, and WOODROUGH, Circuit Judges.

WOODROUGH, Circuit Judge.

This is an appeal from a judgment sustaining a demurrer to and ordering the dismissal of the appellant's petition in an action upon a contract of war risk insurance. The demurrer was based on the ground, among others, that the petition failed to plead facts sufficient to show that a disagreement had been arrived at prior to suit through the denial of the claim by the Director of the Veterans' Bureau, or some one acting in his name, on an appeal to the Director, as required by the Act of July 3, 1930, amending the World War Veterans' Act of 1924, 46 Stat. 993, 38 USCA § 445. The section reads: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

The only allegations in the petition as to disagreement prior to the suit are: "10. That this claim or claims of the plaintiff under and by virtue of the said policy of insurance has been submitted to the United States Veterans' Bureau of the United States of America as provided by law and considered by said bureau and by letter dated the 10th day of June, 1931, said claim was rejected,

denied, and disallowed by the said bureau, and that said letter is evidence of a disagreement as contemplated by the provisions of Section 19 of the World War Veterans' Act of 1924, as amended."

The letter referred to was a letter addressed to the attorney of the appellants signed "By direction, H. H. Milks, Chief Award Division," in which it is stated, in substance, that the veteran's insurance had lapsed for nonpayment of premiums due November 1, 1919, and "was not in force and can not be placed in force at the time of the veteran's death."

There is no allegation in the petition that the claim of the plaintiffs was pending before the Director of the Veterans' Bureau at the time the foregoing letter was written, nor that the claim was denied by any one acting in the name of the Director, on an appeal to the Director. In fact, the Director is not mentioned in the pleading. There is no allegation or claim that the Awards Division or its chief referred to in the letter made part of the petition had any authority to or assumed to act in the name of the Director on any appeal of the plaintiff's claim to him. The petition, therefore, failed to allege a disagreement within the requirement of the statute. That Congress may condition the consent of the United States to be sued on the war risk insurance contracts is well settled. Fouts v. United States (C. C. A. 5) 67 F.(2d) 249; United States v. Knott (C. C. A. 6) 69 F.(2d) 907. And it is not open to question that disagreement as provided by the statute is a condition precedent to the right to sue the United States on the war risk contracts. 38 USCA § 445; United States v. Kiles (C. C. A. 8) 70 F.(2d) 880; United States v. Earwood (C. C. A. 5) 71 F. (2d) 507; Wilson v. United States (C. C. A. 10) 70 F.(2d) 176; United States v. Peters (C. C. A. 8) 62 F.(2d) 977; United States v. Knott (C. C. A. 6) 69 F.(2d) 907; Hansen v. United States (C. C. A. 7) 67 F.(2d) 613; United States v. Collins (C. C. A. 4) 61 F. (2d) 1002; United States v. De Armond (C. C. A. 8) 48 F.(2d) 465. The act requires that administrative remedies, by prosecuting the claim through the appellate agencies of the Veterans' Bureau, must be exhausted before suit can be maintained in the courts. Fouts v. United States (C. C. A. 5) 67 F.(2d) 249; Westling v. United States (C. C. A. 9) 64 F.(2d) 464; United States v. Collins (C. C. A. 4) 61 F.(2d) 1002; United States v. Peters (C. C. A. 8) 62 F. (2d) 977; Smith v. United States (D. C.

Iowa) 56 F.(2d) 636; Anderson v. United States (D. C. Ky.) 5 F. Supp. 269.

The demurrer was properly sustained. Affirmed.