**EIDAM et al. v. UNITED STATES.**

No. 10488.

Circuit Court of Appeals, Eighth Circuit.

Nov. 5, 1936.

Howard Saxton, of Omaha, Neb., for appellants.

Frederick G. Hawxby, Asst. U. S. Atty., of Omaha, Neb. (Joseph T. Votava, U. S. Atty., of Omaha, Neb., Frederick H. Wagener, Atty., Department of Justice, Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., on the brief), for the United States.

Before STONE, WOODROUGH, and THOMAS, Circuit Judges.

STONE, Circuit Judge.

This is an action on a war risk insurance policy, for death claimed to have occurred during the life of the policy. The same cause of action was here on a second amended petition [74 F.(2d) 350], where this court affirmed the sustaining of a demurrer on the ground that the second amended petition failed to allege a disagreement within the requirements of the statute. After the decision in this court, the case was reinstated under Joint Resolution 112, 49 Stat. 1 (38 U.S.C.A. § 445c). This reinstatement took the form of a third amended petition. To this petition a demurrer was filed and sustained and judgment entered. From that judgment this appeal is brought.

The two decisive matters presented here are: I, Does the petition fail to show that the action was brought within time? and, II, Was the policy in force at the death of the veteran?

### I. Limitations.

This petition alleges death of the veteran upon December 31, 1919, and final disagreement on June 10, 1931. The present amended petition is filed June 5, 1935. The rule for determining whether this action was filed in time is that the time of filing the original petition must govern unless the present amended petition constitutes a departure therefrom and thus is a new cause of action. The government makes no contention here that this third amended petition constitutes a departure from the original petition. While the record in this case as brought here did not contain the first petition nor any statement as to its date of filing, the parties have, since the argument and at suggestion

of the court, filed a stipulation to the effect that the original petition was filed June 26, 1931. This was sixteen days after the disagreement as set forth in the petition and therefore within time.

## II. Insurance in Force.

This point involves the allegations of this petition covering payment of premium up to and covering date of death. While there is some confusion in the petition, it seems that it alleges payment in three different ways: The first of these is by actual payment; the second is by the obligation of the government to apply, as premiums, $60 due the veteran under the Act of February 24, 1919 (40 Stat. 1151, § 1406); and the third is a similar allegation of the duty of the government to apply adjusted service credit and adjusted service pay to these premiums. Obviously, if any one of these three methods is pleaded in a way to provide for premiums covering the date of death, the petition is sufficient.

This petition abundantly pleads the fact of actual payment. Paragraph 2 of the petition alleges honorable discharge on February 5, 1919, and that "on discharge there was deducted from his pay an amount sufficient to pay the premiums on said insurance to the end of March, 1919." Paragraph 3 alleges the payment by check of the veteran, on March 6, 1919, of $6.50 covering the April premium. Paragraph 5 is as follows:

"That further payments sufficient to keep said insurance in force were duly made to the United States by and on behalf of the said Clarence Eidam, which payments of premiums were accepted by the United States and applied in payment of said premiums, as follows, to-wit:

| Time | Amount | Time Paid for. |
|---|---|---|
| On or about April 26, 1919, | $32.50 | May, 1919 |
| | | June, 1919 |
| | | July, 1919 |
| | | Aug., 1919 |
| | | Sept., 1919 |
| On or about September 6, 1919, | 6.50 | Oct., 1919 |
| On or about October 5, 1919, | 6.50 | Nov., 1919. |

"That under the provisions of the said war risk insurance policy so issued to the said Clarence Eidam a grace period for the payment of premiums is allowed of thirty-one days, excluding the first day of said month beginning with the first day of the calendar month in which said premium is due, and by virtue of the foregoing the said insurance of the veteran Clarence Eidam was in full force and effect to and including January 1, 1920."

The above statements sufficiently pleaded actual payment, including the allowable days of grace (Treasury Department Bulletin No. 1, promulgated October 15, 1917; Veterans' Bureau Regulation 14, par. 3).

Since the first of the three methods of premium payment urged by appellants as sufficient and as sufficiently pleaded is found to be so sufficient and since such is enough to compel remand of the case for trial, we deem it unnecessary to determine the other two and expressly refrain from examination thereof.

The case is reversed and remanded, with directions to proceed in accordance with this opinion.