GEORGE W. P. HEFFELFINGER, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 2437. Promulgated October 25, 1945.

*J. B. Templeton, Esq.*, for the petitioner.
*Ned Fischer, Esq.*, for the respondent.

LEECH, *Judge*: Respondent determined a deficiency of $5,879.92 in income taxes against petitioner for the calendar year 1941. In the income tax return of petitioner for that year he deducted the entire amount of $24,398.14 for income taxes paid to the Dominion of Canada during such year. Respondent disallowed $15,807.13 of this amount under sections 24 and 116 of the Internal Revenue Code. The propriety of that action presents the only issue. We find the facts to be as stipulated. The stipulation follows:

1. Petitioner is an individual whose business address is 312 Chamber of Commerce, Minneapolis, Minnesota. At all times here material, petitioner was and is a citizen of the United States. During the entire calendar years 1939 and 1940 (and for some years prior thereto) and up to March 22, 1941, he was a resident of Canada. On the latter date he moved to Minneapolis, Minnesota, and has since been a resident of the United States.

2. The petitioner filed United States Federal income tax returns on a calendar year basis for the years 1939, 1940 as a non-resident citizen, and for 1941 as a resident citizen with the Collector of Internal Revenue for the District of Minnesota. Said returns were on a cash receipts and disbursements basis.

3. In his United States Income tax returns for the years 1939 and 1940 the petitioner did not include therein salary received by him while he was a resident of and employed in Canada and the respondent made no adjustments relative thereto in the petitioner's returns. The petitioner has never paid the United States any tax on income in respect of the aforesaid salaries.

4. In his United States income tax return for 1941 the petitioner included in his gross income salary in the amount of $4,375 earned in Canada during the period from January 1, 1941 to March 21, 1941.

5. Subsequent to March 22 and prior to December 31, 1941 the petitioner paid Canadian income taxes to the Dominion of Canada at American exchange rates of $24,398.14 ($27,081.96 minus $2,683.82 difference in exchange rates) and claimed the amount as a deduction in his 1941 United States Federal income tax return. No part of the foregoing Canadian taxes paid of $27,081.96 is applicable to petitioner's aforesaid Canadian income of $4,375 earned during the period January 1 to March 21, 1941.

6. Stated in American dollars, of the sum of $24,398.14 paid in 1941 to the Dominion of Canada, $460.01 thereof was paid in respect of petitioner's 1939 income while $23,938.13 thereof was paid in respect of his 1940 income.

7. Stated in Canadian dollars, of the sum of $27,081.96 paid in 1941 to the Dominion of Canada, $460.01 thereof was paid in respect of petitioner's 1939 income while $26,571.35 was paid in respect of his 1940 income.

8. Petitioner's total income for the years 1939 and 1940 upon which income tax was paid by him to the Dominion of Canada amounted to $31,865.19 and $54,461.43, respectively. Included in these amounts was income received from sources within the United States of $18,446.15 and $18,939.50, respectively. These latter amounts were reported in petitioner's United States Federal income tax returns for the said years 1939 and 1940. In terms of percentages the income received by petitioner in 1939 and 1940 from sources within the United States and which was reported for United States Federal income tax purposes amounted to 57.888% and 34.776%, respectively, of his total income in those years.

9. Throughout the year 1941 the value of a Canadian dollar was 90.09 cents in United States money.

10. The tax liability declared on petitioner's United States Income tax return for 1941 was paid in the amounts of $626.51, $626.51, $626.51, and $626.49 on March 17, June 16, September 16, and December 15, 1942, respectively.

The notice of deficiency sets out the reason for the contested disallowance as follows:

The net amount of $24,398.14 ($27,081.96 in Canadian currency reflected in line 13 less $2,683.82 reflected as Canadian exchange on line 8) deducted in your return as Canadian income taxes has been disallowed as a deduction to the extent of $15,807.13 under the provisions of Sections 24 and 116 of the Internal Revenue Code. The amount disallowed is allocable to tax exempt Canadian income, and is computed as follows:

| | |
|---|---|
| Taxes applicable to the year 1939, paid in 1941 (57.888% of 90.09% of $510.61) | $266.29 |
| Taxes applicable to the year 1940, paid in 1941 (34.776% of 90.09% of $26,571.35) | 8,324.72 |
| Canadian taxes allowable as a deduction | 8,591.01 |
| Amount deducted (90.09% of $27,081.96) | 24,398.14 |
| Amount disallowed as a deduction | 15,807.13 |

The use of the percentage of 90.09 percent above merely adjusts the respective taxes for each year in terms of American currency. The percentage of 57.888 percent represents what the income received by petitioner in 1939 from sources within the United States and reported for United States income tax purposes bears to his total income for such year $\left(\frac{18,446.15}{31,865.19}\right.$ or 57.888 percent), while the percentage of 34.776 percent represents what the income received by petitioner in 1940 from sources within the United States and reported for United States income tax purposes bears to his total income for that year $\left(\frac{18,939.50}{54,461.43}\right.$ or 34.776 percent).

Petitioner does not attack the correctness of the foregoing allocation, if any allocation is proper under the law. His contention is that all, and not a part, of the Canadian income taxes he paid in 1941 are deductible. His position is that section 116 (a) of the Internal Revenue Code [1] is not applicable and does not justify any allocation because he was not a bona fide nonresident of the United

---

[1] SEC. 116. EXCLUSIONS FROM GROSS INCOME.

In addition to the items specified in section 22 (b), the following items shall not be included in gross income and shall be exempt from taxation under this chapter:

(a) EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year, amounts received from sources without the United States (except amounts paid by the United States or any agency thereof) if such amounts would constitute earned income as defined in section 25 (a) if received from sources within the United States; but such individual shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection.

States for more than six months of the calendar year 1941; that the contested deduction is not limited or affected by section 24 (a) (5) of the code,[2] since the salary earned in Canada by petitioner in 1939 and 1940, upon which the Canadian income taxes were paid, is not a class "of income  *  *  *  wholly exempt from the taxes imposed  *  *  *" under chapter 1 of the Internal Revenue Code or Title I of the prior revenue acts; and the allowance of the entire contested deduction accordingly follows under section 23 (c) (1) (C).[3]

Respondent apparently concedes that section 23 (c) (1) (C) would warrant the contested deduction except for section 24 (a) (5), *supra*, as construed by Regulations 103, section 19.24–4,[4] under which the respondent proceeded in determining the deficiency.[5]

---

[2] SEC. 24. ITEMS NOT DEDUCTIBLE.

(a) GENERAL RULE.—In computing net income no deduction shall in any case be allowed in respect of—

*       *       *       *       *       *       *

(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter, or any amount otherwise allowable under section 23 (a) (2) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this chapter.

[3] SEC. 23. DEDUCTIONS FROM GROSS INCOME.

(c) TAXES GENERALLY.—

(1) ALLOWANCE IN GENERAL.—Taxes paid or accrued within the taxable year, except—

*       *       *       *       *       *       *

(C) income, war-profits, and excess-profits taxes imposed by the authority of any foreign country or possession of the United States, if the taxpayer chooses to take to any extent the benefits of section 131.

[4] SEC. 19.24–4. *Amounts allocable to exempt income, other than interest.*—(a) *Class of exempt income.*—As used in this section, the term "class of exempt income" means any class of income, other than interest (whether or not any amount of income of that class or classes is received or accrued), wholly exempt from the taxes imposed by chapter 1. Included are any item or class of income, other than interest, constitutionally exempt from the taxes imposed by chapter 1; any item or class, other than interest, excluded from gross income under any provision of section 22 or section 116; and any item or class of income, other than interest, exempt under the provisions of any other law from the taxes imposed by chapter 1.

The object of section 24 (a) (5) is to segregate the exempt income from the taxable income, in order that a double exemption may not be obtained through the reduction of taxable income by expenses and other items incurred in the production of items of income wholly exempt from tax. Accordingly, just as exempt items of income are excluded from the computation of gross income under section 22, so section 24 (a) (5) excludes from the computation of deductions under section 23 all items referable to the production of exempt income, other than exempt interest.

(b) *Determination of amounts allocable to a class of exempt income.*—No deduction may be allowed for the amount of any item or part thereof allocable to a class or classes of exempt income. Items, or parts of such items, directly attributable to any class or classes of exempt income, shall be allocated thereto and items, or parts of such items, directly attributable to any class or classes of taxable income, shall be allocated thereto.

If an item is indirectly attributable both to taxable income and exempt income, a reasonable proportion thereof, determined in the light of all the facts and circumstances in each case, shall be allocated to each. Apportionments must in all cases be reasonable.

*       *       *       *       *       *       *

[5] Since the entire item of Canadian taxes paid in 1941 was claimed as a deduction on the return of petitioner for that year, we assume he did not elect "to take to any extent the benefits of section 131."

The Canadian income taxes petitioner paid in 1941 were obviously allocable to the Canadian income received in 1939 and 1940 for United States Federal income tax purposes.[6]

Section 24 (a) (5) of the code precludes the deduction of expenses allocable to items of income included within its purview. The provision is general. It bars the deduction whether in the year such income was received for Federal income tax purposes or later. *Henry P. Keith*, memorandum opinion, Docket No. 108883, Dec. 9, 1942; affd., 139 Fed. (2d) 596.

Section 19.24–4 of Regulations 103 rules that the term "class of exempt income" as used in section 24 (a)(5) includes, *inter alia*, "any item [of income] * * * excluded from gross income under any provision of * * * section 116." The case of the respondent would therefore seem to depend upon an affirmative answer to two questions: (1) Was the Canadian income received by petitioner in 1939 and 1940 "excluded from gross income under any provision of * * * section 116," thus bringing the Canadian taxes in dispute within the regulation? and (2) Is the regulation valid in its construction of section 24 (a)(5) as limiting the deduction of such taxes in any year other than "the taxable year"?

Undoubtedly, we think, the stipulated facts answer the first question in the affirmative. The second is more difficult.

Section 24 (a) (5) came into the law in the Revenue Act of 1934. Petitioner argues that the respondent, by including income excluded under section 116 (a) in the questioned regulation within the field covered by section 24 (a) (5), has exceeded his power of interpreting section 24 (a) (5) and is in fact attempting to legislate. Thus, he urges first that the wording of section 24 (a) (5) and the records of the congressional committees[7] considering the proposed legislation indicate clearly that Congress intended to deny only deductions allocable to wholly exempt income, such as salaries of state employees, and not deductions allocable to income exempt merely to particular taxpayers under certain circumstances, as the petitioner. Petitioner next urges emphatically that section 116 (a) was not meant to limit the deduction of the Canadian income taxes, basing the present controversy, in any other than the taxable year or years in which the excluded income to which it is allocable was received for Federal tax purposes. We think, however, that neither argument can prevail here.

---

[6] Although the stipulation is silent on the specific point, we assume from the other facts and the respective positions of the parties that the salary for each of those years was paid during the year the services were rendered.

[7] Report of Senate Finance Committee accompanying the Revenue Bill of 1934 (73d Cong., 2d sess., S. Rept. 558) ; Conference Report on the same revenue bill (H. Rept. 1385. Amendment No. 21).

As to the first argument, it is true that there are expressions in the pertinent committee reports from which the inference might possibly be drawn that such was the thought of Congress. But the provision of the law itself contains, we think, no sufficiently sound basis for such a restricted construction.

In considering the second argument it should first be noted that we are considering only the right of petitioner to a contested deduction. That, of course, is a matter of legislative grace. Thus the petitioner, to support his claim thereto, must bring himself clearly within the statutory conditions precedent. *New Colonial Ice Co.* v. *Helvering*, 292 U. S. 435.

Section 116 (a) of the code, *supra*, contains two provisions. The first has to do wholly with exclusions from income. The latter deals only with deductions from income. Petitioner was an American citizen and a bona fide nonresident of the United States for more than six months of both the years 1939 and 1940. The first provision authorizes the exclusion of "EARNED INCOME FROM SOURCES WITHOUT UNITED STATES.—In the case of an individual citizen of the United States, a bona fide nonresident of the United States for more than six months during the taxable year  *  *  *." The term "taxable year" as used in this section means "the year in which there is a statutory receipt of income," which depends upon the basis of accounting employed by the taxpayer. *Muhleman* v. *Hoey*, 124 Fed. (2d) 414; *Julius B. B. Stryker*, 29 B. T. A. 1025. Since the petitioner was on a cash basis, "taxable year[s]," as applied to him, means the calendar years 1939 and 1940. So construed, the statute, of course, excluded the Canadian salary of petitioner for each of those years for United States income tax purposes. As already stated, this is exactly what happened here. The latter provision of section 116 (a), having to do with deductions, provides that "but such individual [i. e., one whose earned income from foreign sources for any taxable year or years has been excluded from his income for United States income tax purposes, as was the Canadian salary of petitioner for 1939 and 1940] shall not be allowed as a deduction from his gross income any deductions properly allocable to or chargeable against amounts excluded from gross income under this subsection." See *Carstairs* v. *United States*, Dist. Ct., E. Dist. Pa. (unreported). Significantly, just as is true in section 24 (a) (5), *supra*, this provision does not restrict the limitation on the deductions to any year or years, but is general in its application.

The cases of *Muhleman* and *Stryker* are not in point on the question of deductions. They involved only the first provision of section 116 (a), *supra*, which refers solely to exclusions from income. No question of deductions, to which alone the latter provision of that section applies, was there presented or decided.

Section 116 (a), *supra*, was first enacted in the Revenue Act of 1926 as section 213 (b) (14), and the same provision has appeared in every revenue act thereafter through that for 1938, and the Internal Revenue Code through 1941,[8] in substantially the same form. Nothing very helpful in its construction appears in the committee reports, but Regulations 69, article 89, issued under the authority of the Revenue Act of 1926, at least does not contradict our construction.[9] No material change for present purposes was ever made in that regulation.[10] Section 24 (a) (5), as already stated, first appeared in the Revenue Act of 1934. It was construed in article 24–4 of Regulations 86, promulgated under authority of that act. Section 24 (a) (5) has been reenacted in the Revenue Acts of 1936, 1937, and 1938, and the Internal Revenue Code, and the regulations issued under those several reenactments, including section 19.24–4 of Regulations 103, *supra*, have been in substance the same for present purposes as those of Regulations 86, article 24–4.[11] See *Helvering* v. *Reynolds Tobacco Co.*, 306 U. S. 110; *White* v. *United States*, 305 U. S. 281; *Wiegand Co.* v. *United States*, 60 Fed. Supp. 464.

In our opinion, Regulations 103, sec. 19.24–4, in so far as here pertinent, is a valid interpretation of section 24 (a) (5) of the code.

*Decision will be entered for the respondent.*

---

[8] SEC. 116 (a), Revenue Acts of 1928, 1932, 1934, 1936, 1938, and Internal Revenue Code.

[9] ART. 89. *Additional exclusions from gross income.*—The following additional exclusions from gross income are allowed by the Revenue Act of 1926:

\* \* \* \* \* \* \*

(7) Earned income received from sources without the United States by an individual citizen of the United States who is a bona fide nonresident for more than six months during the taxable year. The taxpayer in such a case may not deduct from his gross income any amount properly allocable to or chargeable against the amount so excluded from his gross income. \* \* \*

[10] Regulations 74, 77, 86, 94, 101, 103.

[11] Regulations 94, art. 24–4; Regulations 101, art. 24–4; Regulations 103, sec. 19.24–4.