## MILLER v. UNITED STATES.

### No. 1818.

District Court, W. D. Washington, N. D.
March 24, 1948.

Clay Nixon and Ralph C. Hove, both of Seattle, Wash., for plaintiff.

J. Charles Dennis, U. S. Atty., and Frank Pellegrini, Asst. U. S. Atty., both of Seattle, Wash., for defendant.

BLACK, District Judge.

The plaintiff commenced this action in the above-entitled court May 20, 1947, to recover judgment for Ten Thousand ($10,000) Dollars upon a National Life Insurance policy in that amount upon the life of her husband, Samuel D. Miller, which became effective on February 13, 1942, and which without the knowledge or consent of the plaintiff wife named as beneficiaries his mother and his two sisters, resident in Ohio. The plaintiff in her complaint alleged that at the time of the application for and issuance of said policy she and her husband were residents of the State of Washington, a community property state, and that such residence in the State of Washington continued as to him until his death and such State of Washington residence still continues as to her. Such husband was reported as missing through the bombing and sinking in Asiatic waters on March 1, 1942, of the naval vessel on which he was serving as a member of the naval forces of the United States. The Secretary of the Navy subsequently made declaration of his death as presumed to be December 15, 1945.

The complaint further alleges that all premiums paid for such policy were the community funds of the marital community composed of Samuel D. Miller and his wife and that under the community property laws of the State of Washington the designation by said husband of persons other than his wife as beneficiaries without her consent was null and void.

The plaintiff commenced this action in the above-entitled district court for the Western District of Washington under 38 U.S.C.A. § 445, which provides that an action such as this shall be brought in the United States District Court for the District of Columbia or in the district court in and for the district in which any claimant resides. 38 U.S.C.A. § 817 makes 38 U.S.C.A. § 445 and Sec. 551 applicable to suit upon claims in connection with National Service Life Insurance.

The defendant contends primarily that the plaintiff wife not having been designated as beneficiary that the beneficiaries named are entitled to payment. It is the position of the defendant that the National Service Life Insurance Act and its amendments were an exercise by the federal government of constitutional power and that therefore the federal act is to be enforced in favor of the designated beneficiaries, regardless of the community property laws or decisions of any state respecting insurance.

Upon this issue defendant asserts that a contract made in pursuance of a federal statute must be construed with reference to such statute and cannot be controlled by state laws or decisions, citing: Cassarello v. United States, D.C., 271 F. 486; affirmed 3 Cir., 279 F. 396; Calhoun Gold Mining Co. v. Ajax Gold Mining Co., 182 U.S. 499, 21 S.Ct. 885, 45 L.Ed. 1200; White v. United States, 270 U.S. 175, 46 S.Ct. 274, 70 L.Ed. 410; United States v. Fuller, 5 Cir., 97 F.2d 541; United States v. Standard Oil Co. of California, 332 U.S. 301, 67 S. Ct. 1604.

Plaintiff, however, insists that to accept defendant's position in this regard is in violation of the Fifth Amendment to the United States constitution and would without due process of law deprive plaintiff of rights in the community property vested in her by the community property law of the State of Washington.

The defendant further contends that the deceased husband at the time the insurance was applied for, when it became effective, and at the time of his death, was not a resident of any community property state but was instead a resident of the State of Ohio, whose insurance laws in no wise conflicts with the rights of the husband's mother and sisters as beneficiaries. (It was agreed by counsel for both parties hereto that under the laws and holdings of the Ohio courts that if the husband were actually and bona fidely a resident of Ohio during the critical periods concerning the policy that plaintiff's

action would fail.) Defendant further contends that if the husband's residence was not in Ohio during such critical period then it was in California rather than in Washington. The parties seem to agree that while California is a community property state and while the holdings of its courts as to the wife's rights in insurance purchased by community funds, when she is ignored as a beneficiary by her husband, are to a considerable degree similar to those of Washington that the holdings of the Washington courts grant the wife a greater recovery than obtains in California.

And finally the defendant contends that in any event the plaintiff wife at the time the action was instituted in May, 1947 and continuing at all times to and including the date of the trial was definitely not a resident of the State of Washington.

It will not be necessary in this proceeding for this court to decide more than one of the many interesting questions presented. That one question goes to the jurisdiction of the court and not to the merits.

Upon analysis and consideration of the evidence submitted, both oral and by exhibit, I am satisfied that the plaintiff resided from at least the latter part of 1946 until and including the trial of the case, in San Francisco, California. The presumptions and indications from the evidence are that San Francisco is still her residence. The evidence shows that from the latter part of 1946 until the time of trial that the plaintiff was continuously at San Francisco, California where she was employed and with an apparently steady position. She was living there all of such time and apparently had no property or effects of any kind in the State of Washington except such papers as she may have left with her attorney. During the period she was in California her claimed Washington address was at the law office of her attorney in a large and busy downtown Seattle office building. She came from San Francisco just prior to the trial for a very few days to permit her to be at the trial and during such short period, according to her testimony, she stayed at a downtown Seattle hotel.

In any event plaintiff is not entitled to maintain this action in the United States District Court for the Western District of Washington because such was not her residence when the action was instituted.

■ The United States, having the right to consent whether or not it shall be sued, has the privilege, in the event it consents by legislation to suit against it, of saying where such may be brought. Coleman v. United States, D.C., 18 F.Supp. 71; affirmed 6 Cir., 100 F.2d 903; Eidam v. United States, 8 Cir., 74 F.2d 350; Dobbins v. United States, 10 Cir., 91 F.2d 78.

Therefore, it will be for some other court to determine the place of residence of the husband in the critical years affecting the policy. If that court shall determine that such was in either of the community property states of Washington or California it will be its further problem to decide whether plaintiff or defendant is correct as to the right of a beneficiary of a National Service Life Insurance policy to collect the insurance in a case where the husband has, without the wife's knowledge or consent, named some other as beneficiary and paid the premiums from community earnings belonging to a marital community.

■ Since plaintiff's residence at the time suit was instituted and when the trial was had was and apparently still is in San Francisco, California, 38 U.S.C.A. § 445 gives her no right to maintain the action in this jurisdiction. Therefore, the action here must be dismissed but without prejudice to her commencing a new action within the time limited by law in the United States District Court for the District of Columbia or in a United States District Court in which she or a claimant to the insurance may actually reside.