Mary A. MARSMAN, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 6819.

United States Court of Appeals Fourth Circuit.

Argued Oct. 7, 1954.

Decided Oct. 8, 1954.

Seymour S. Mintz, Washington, D. C. (Herbert W. Clark, San Francisco, Cal., Nelson T. Hartson, William T. Plumb, Jr., Washington, D. C., Leon F. De-Fremery, Clarence E. Musto, Richard J. Archer, Morrison, Hohfeld, Foerster, Shuman & Clark, San Francisco, Cal., and Hogan & Hartson, Washington, D. C., on the brief), for petitioner.

Louise Foster, Sp. Asst. to the Atty. Gen. (H. Brian Holland, Asst. Atty. Gen., Ellis N. Slack and Lee A. Jackson, Sp. Assts. to the Atty. Gen., on the brief), for respondent.

Before PARKER, Chief Judge, and SOPER and DOBIE, Circuit Judges.

PER CURIAM.

We had occasion to consider the facts of this case on the appeal of the taxpayer in Marsman v. C. I. R., 4 Cir., 205 F.2d 335. We there held that Mary A. Marsman, a citizen of the Commonwealth of the Philippines, was a resident of the United States during the period from September 22, 1940 to December 31, 1941; and that she was liable for the United States income tax for the year 1940 on so much of one-half of the undistributed net income held on December

31, 1940 by LaTrafagona, a Philippine corporation wholly owned by her, as was acquired after September 22, 1940. By this holding we affirmed the Tax Court on the question of residence but reversed its holding that the taxpayer was taxable on the entire amount of the undistributed income held by LaTrafagona on December 31, 1940.

We also held, as to the year 1941, that the taxpayer was entitled to a credit on the United States income tax for that year for a part of the income tax paid by her to the Philippine Islands in 1941 for the years 1938 and 1940. In this respect we rejected the contention of the taxpayer that she was entitled to a credit for the full amount of the Philippine income tax paid by her in 1941, and upheld the finding of the Tax Court that she was entitled to a credit for only so much of the Philippine income tax as was allocable to the period from September 22 to December 31, 1940.

After making these holdings we remanded the case to the Tax Court for further proceedings in accordance with our opinion. The Tax Court carried out the mandate of this court by reducing the amount of the tax assessed against the taxpayer for the year 1940 from $58,-855.63 to $12,203.50, and by increasing the deficiency determined against the taxpayer for the year 1941 from $61,-780.35 to $82,248.32. Both the decrease in the deficiency for 1940 and the increase in the deficiency for 1941 were due to the holding that the determination of the tax and of the tax credit should be restricted to the period from September 22 to December 31, 1940.

The present appeal is taken by the taxpayer from the determination by the Tax Court of a greater deficiency for the year 1941. In other words, the taxpayer seeks to secure the benefit but to avoid the disadvantage of the decision of this court. Admitting that such a result would be inequitable, the taxpayer bases the argument on the fact that the Commissioner did not take a conditional appeal from the first decision of the Tax Court as to the taxable year 1941. It is contended that he should have appealed if he desired to protect himself from the possible holding on appeal that the taxpayer was taxable on her Philippine income for only a part of the year which in turn would require the reduction of the taxpayer's credit for the year 1941. Since the Commissioner failed to take such an appeal it is contended that the Tax Court had no jurisdiction to increase the deficiency for the year 1941.

■■ We do not agree. The parties entered into a stipulation during the first trial before the Tax Court that there were two issues for the year 1941 on which the parties disagreed, namely, community property, and foreign tax credit or deduction, and that computation of the tax would be made under Rule 50, in accordance with the court's decision on these issues. This stipulation can only be interpreted as relating not only to a computation of the tax due after the first decision in the Tax Court but after such subsequent decision as might be necessary by the modification of the Tax Court's decision in case of an appeal. Furthermore the Commissioner had no occasion to appeal from the decision of the Tax Court as to the year 1941 because the decision was in his favor. The decision as to both taxable years turned on the same point as to the period for which the taxpayer was taxable on the Philippine income, which in turn controlled the period for which the tax credit was to be allowed. The appeal of the taxpayer opened up the controversy as to both taxable years and conferred jurisdiction on this court to render its former decision on appeal and also jurisdiction upon the Tax Court to carry out the mandate of this court. We find nothing in Helvering v. Pfeiffer, 302 U.S. 247, 58 S.Ct. 159, 82 L.Ed. 231, or LeTulle v. Scofield, 308 U.S. 415, 60 S.Ct. 313, 84 L.Ed. 355, at variance with these conclusions.

The decision of the Tax Court will be

Affirmed.