Gus **RINEHART** and Haydee Rinehart, Appellants,

v.

The **UNITED STATES** of America, Appellee.

No. 118–68.

United States Court of Appeals, Tenth Circuit.

March 30, 1970.

---

Michael C. Stewart, Oklahoma City, Okl. (Rinehart, Morrison, Cooper & Stewart, Oklahoma City, Okl., were with him on the brief), for appellants.

Bennet N. Hollander, Dept. of Justice, Washington, D. C. (Mitchell Rogovin, Asst. Atty. Gen., and Lee A. Jackson, J. Edward Shillingburg and David English Carmack, Attys., Dept. of Justice, Washington, D. C., were with him on the brief), for appellee.

Before HILL and HOLLOWAY, Circuit Judges, and BRATTON, District Judge.

HOLLOWAY, Circuit Judge.

This is an action for refund of federal income tax paid under an allegedly illegal assessment. Appellants claim that the Commissioner's assessment was wrong because he improperly denied a deduction for income taxes paid to Puerto Rico, or alternatively that he should have allowed as a credit against their federal income tax the amount of taxes paid to the Commonwealth. The trial court denied recovery on the ground that the income in question from prior Puerto Rican earnings had not been federally taxed and so the deduction was improper. We affirm.

The facts were stipulated. Prior to 1963 Mrs. Rinehart was a citizen and resident of Puerto Rico and a United States citizen. In 1963 appellants were married and Mrs. Rinehart moved to Oklahoma City. In 1964 Puerto Rico assessed against Mrs. Rinehart income taxes of $3,668.47 for income that she earned in years prior to 1963 and before appellants were married. Appellants paid the Puerto Rican tax in 1964. In their joint federal return for 1964 they claimed this Puerto Rican tax payment as a deduction, which the Commissioner disallowed. Appellants' claim for refund and suit in the trial court failed and this appeal followed.

Section 164(a) (3) of the 1954 Internal Revenue Code, as amended, 26 U.S. C.A. § 164(a) (3), does provide for deduction from gross income of State, local and foreign income taxes, among others. The statute mitigates the burden of double taxation on the same income. However, the income earned by Mrs. Rinehart while a resident of Puerto Rico was exempted from federal income taxation by § 933(1) of the Code, 26 U.S.C.A. § 933(1), and § 265(1) of the Code, 26 U. S.C.A. § 265(1), denies deduction of "[a]ny amount otherwise allowable as a deduction which is allocable to one or more classes of income * * * wholly exempt from the [federal income] taxes imposed * * *."

To invoke the § 164(a) (3) deduction and avoid the limitations on it, appellants say that Mrs. Rinehart was not a Puerto Rican resident but a United States resident and citizen when the Puerto Rican tax was paid in 1964. So, the argument runs, the deduction for State and local taxes applies just as it did to other local taxes in 1964. However, the limitation focuses on whether the income involved was exempt from federal taxation, and not on the year when tax on it was paid. See Marsman v. Commissioner, 18 T.C. 1, 16–17, aff'd,

in part and rev'd in part, 205 F.2d 335 (4th Cir.), aff'd after remand, 216 F.2d 77 (4th Cir.), cert. denied, 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738, and Heffelfinger v. Commissioner, 5 T.C. 985, 989–990. Since Mrs. Rinehart's earlier Puerto Rican income was exempt from federal taxation, the deduction for Puerto Rican tax paid on that income was improper. Appellants say that the Puerto Rican taxes paid in 1964 qualify for the deduction just as Oklahoma income tax and other taxes did in 1964. However, income subject to the Oklahoma tax was doubtless not exempt from federal taxation. Since Mrs. Rinehart's earlier Puerto Rican earnings were not subject to federal income taxation, the deduction was properly denied.[1]

 Appellants also claim that if the deduction is denied, they should be allowed a credit under § 901(b) of the Code, as amended, 26 U.S.C.A. § 901(b), for the Puerto Rican tax paid by them. While § 901 does allow a federal tax credit for income tax paid to possessions, it clearly states that such allowance is "subject to the applicable limitation of section 904." And § 904(a) (1), 26 U.S.C.A. § 904(a) (1), in turn declares that "the amount of the credit in respect of the tax paid or accrued to any foreign country or possession of the United States shall not exceed the same proportion of the tax against which such credit is taken which the taxpayer's taxable income from sources within such country or possession (but not in excess of the taxpayer's entire taxable income) bears to his entire taxable income for the same taxable year." Regardless of which year may be controlling, appellants show no federally taxable Puerto Rican income to serve as the numerator and so the credit resulting from the statutory ratio is zero.

 Again the design of such provisions is to mitigate the evil of double taxation. Burnet v. Chicago Portrait Co., 285 U.S. 1, 7, 52 S.Ct. 275, 76 L.Ed.

587. Here appellants fail to show that the Puerto Rican earnings were subject to federal income taxation. Thus the credit sought under § 901 is not available. See Marsman v. Commissioner, 18 T.C. at 13–15; Duke v. Commissioner, 34 T.C. 772.

Appellants rely on Ferrer v. Commissioner, 35 T.C. 617, rev'd and remanded on another issue, 304 F.2d 125 (2d Cir.), and Helvering v. Campbell, 139 F.2d 865 (4th Cir.). The *Ferrer* case dealt with different issues and does not sustain appellants' position. The *Campbell* case, as explained and limited by Marsman v. Commissioner, 205 F.2d 335, 343 (4th Cir.), does not appear inconsistent with the conclusion we reach. Insofar as the case may be at odds with this decision, we are not persuaded to follow it.

Appellants have not shown why the clear limitations on the deduction and credit claimed do not apply. Accordingly the judgment is affirmed.

---

1. It is not necessary to decide the applicability of other restrictions on deductions urged by the Government and appearing in 26 U.S.C.A. § 933(1).