Jake LAPIN, Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 82–1932.

United States District Court, District of Columbia.

March 5, 1985.

Jake Lapin, pro se.

D. French Slaughter, III, U.S. Dept. of Justice, Washington, D.C., for defendant.

## MEMORANDUM

GASCH, District Judge.

■ This is an action for a refund of federal income taxes paid for the taxable years 1975 and 1977 through 1980. Plaintiff has moved for summary judgment only as to his claim for a tax refund from the year 1975 for the amount of state taxes he paid on a federal cost of living allowance that he contends was exempt from federal income tax.[1] For the reasons set forth below, plaintiff's motion is denied, and

judgment is entered for the United States of America.

## BACKGROUND

In 1975 plaintiff was a civilian employee of the United States Government in Honolulu, Hawaii. In addition to his salary, plaintiff received in 1975 a cost of living allowance ("COLA") in the amount of $3,898.40. A cost of living allowance is paid to employees of the United States government whose basic salary is fixed by statute and who are stationed in Hawaii or certain other areas outside the continental United States. The allowance is given for living costs that are substantially higher than in the District of Columbia. *See* S.Rep. No. 627, 78th Cong., 1st Sess., 24 (1944); C.B. 1944, 973 at 992; Rev.Rul. 59–407, 1959–2 C.B. 19–21.

Although such COLA is exempt from federal income tax, it is taxable by the State of Hawaii. Accordingly, plaintiff paid Hawaii income taxes on the $3,898.40 COLA for the taxable year 1975. Plaintiff then claimed a deduction on his 1975 federal income tax return for the amount of Hawaii state taxes he paid on the COLA. In April 1979, plaintiff received a notice of deficiency in the amount of $1,335.00 plus interest on his 1975 federal tax return. The Internal Revenue Service determined that $203 of that deficiency represented the amount of state income tax plaintiff paid on the COLA which plaintiff deducted on his federal return and which the IRS disallowed pursuant to I.R.C. § 265 and Rev. Rul. 74–140.[2]

---

1. Plaintiff's motion for summary judgment also seeks a refund for taxes paid on the cost of living allowance at issue for as far back as 1943. The only taxable year in issue as to this motion for summary judgment is 1975. Indeed, plaintiff so admits in his reply to defendants' opposition to plaintiff's motion for summary judgment.

  Plaintiff also seeks to maintain a class action on behalf of all federal employees in Hawaii who received the cost of living allowance since 1943. The plaintiff, however, has not complied with the prerequisites for class certification contained in Rule 23 of the Federal Rules of Civil Procedure or with the class certification provi-

sions of Local Rule 1–13(b). Neither his original complaint nor his "first supplemental complaint" mentions a class action. Plaintiff's action is simply a tax refund action for taxes paid by him for the taxable years 1975 and 1977 through 1980.

2. To determine the amount of State of Hawaii income taxes plaintiff paid on the $3,898.40 COLA, the IRS first determined the percentage of plaintiff's adjusted gross income the COLA represented and then applied that percentage to the amount of Hawaii income taxes plaintiff paid. The formula is set forth below:

DISCUSSION

█ Plaintiff contends that he is entitled to a deduction on his 1975 federal income taxes for the amount of income tax he paid to the State of Hawaii on the COLA. He relies on I.R.C. § 164, which generally allows a deduction for state income taxes paid. Alternatively, plaintiff argues that because of its noncompensatory character, the COLA is not "income" and thus not within a class of income wholly exempt from tax within the meaning of I.R.C. § 265(1), which bars deductions for amounts allocable to a class of income wholly exempt from federal gross income. Plaintiff's arguments are without merit.

Section 265(1) of the Internal Revenue Code disallows deductions on income that is not subject to federal income tax. The section provides:

No deduction shall be allowed for—

(1) Expenses—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under Section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.

It is well settled that Section 265(1) takes precedence over I.R.C. § 164, which authorizes deductions on federal income taxes for state income taxes paid. Section 161 expressly provides that deductions specified in Part VI of Subchapter B of Subtitle A of the Internal Revenue Service Code of 1954, which includes Section 164, is "subject to the exceptions provided in Part IX," which includes Section 265(1). *See also Commissioner v. Idaho Power Company*, 418 U.S. 1, 17, 94 S.Ct. 2757, 2767, 41 L.Ed.2d 535 (1974). Accordingly, plaintiff is not entitled to deduct from his federal income the amount of Hawaii state taxes that he paid on the 1975 COLA.

Plaintiff contends, however, that the COLA is not income within the meaning of Section 265(1) because it is noncompensatory in character. Plaintiff relies principally on a Senate report concerning the exemption from federal income tax of certain COLAs granted to federal employees.[3] There is nothing in the report, however, that even suggests that COLAs are not considered income. Under the Internal Revenue Code, gross income means all income from whatever source derived, unless excluded by law. Treas.Reg. 1.61. The COLA at issue in this case is a class of income excluded by I.R.C. § 912 from gross income.

█ Plaintiff's reliance on *Manocchio v. Commissioner*, 710 F.2d 1400 (9th Cir. 1983), is misplaced. In that case, the court held that an airline pilot could not deduct from his federal income tax flight training expenses for which he was reimbursed by the Veterans Administration because reimbursed expenses are not deductible under I.R.C. § 162(a). Significantly, *Manocchio* concerned a direct reimbursement, not a flat living stipend as the COLA in this case. Furthermore, in view of its reliance on Section 162(a), the court in *Manocchio* expressly declined to reach the question of whether the deduction was disallowed un-

---

$3,898.40 (COLA)

$3,898.40 (COLA) ÷ $37,136.88 (adjusted gross income) × $2,144.79 (total Hawaii income taxes paid) = $203 (tax attributable to COLA)

3. Senate Rep. No. 627, 78th Cong., 1st Sess. 24 (1943); C.B. 1944, 973 at 992 states:

The personnel of the Government do not choose the posts to which they are assigned, and they have no control over the costs which there are experienced. They are sent to the posts because highly important duties of the Government must there be accomplished. Payment of allowances to meet the extra costs of living at individual posts is indistinguishable from the payment of allowances to defray the expenses of operation of the establishment, the official entertainment which is necessarily undertaken, the travel personnel is ordered to perform or the rental paid for quarters appropriate to house essential activities.

der I.R.C. § 265(1) as the Tax Court had found. The Tax Court reasoned that the reimbursement received by the airline pilot qualified as a class of income exempt from gross income and thus I.R.C. § 265 disallowed any deduction for such exempt income. 78 T.C. 989 (1982). Similarly, the COLA at issue in this case is a class of income exempt from gross income and Section 265(1) bars plaintiff from taking any deduction for the COLA, including a deduction for the amount of state taxes paid on the COLA.[4]

There being no material issues of fact in dispute, the Court denies plaintiff's motion for summary judgment. Plaintiff is not entitled to deduct from his 1975 federal income tax the amount of State of Hawaii income taxes paid by plaintiff on the COLA.[5]

---

4. In his "supplemental motion for summary judgment," plaintiff also claims that the State of Hawaii unlawfully taxed the COLA which is exempt from federal income tax. He seeks for all federal employees affected a refund of income taxes paid to the State of Hawaii on the COLA. The State of Hawaii is not a party to this action. Accordingly, plaintiff's claim is not properly before the Court.

5. Plaintiff challenges the formula used by the Internal Revenue Service to determine the amount of State of Hawaii income taxes paid by him on the COLA because it ignores the fact that the plaintiff included as income on his 1975 federal tax return a state income tax refund of $1,662. While this is true, the failure to consider the income tax refund reduced rather than increased the amount of taxes allocable to the COLA.