**Jake LAPIN, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

Civ. No. 81–0213.

United States District Court, D. Hawaii.

March 18, 1987.

Jake Lapin, pro se.

David Bunning, Trial Atty., Tax Div., U.S. Dept. of Justice, Washington, D.C., for defendant.

Bennet A. McConaughy, Roberts & Shefelman, Seattle, Wash., Robert G. Mullendore, Missoula, Mont., for amici curiae.

DECISION ON MOTION FOR SUMMARY JUDGMENT, AS PERTAINS TO 26 U.S.C. § 265(1)

PENCE, Senior District Judge.

In 1981, Plaintiff commenced this action in this Court seeking a refund for certain income taxes paid to defendant United States for tax year 1975. As a federal employee living in Hawaii during that year, plaintiff had received a cost of living allowance ("COLA") in addition to his regular salary. Although COLA is exempt from federal income taxes, it is subject to Hawaii

income taxes. Plaintiff claimed a deduction on his 1975 federal income tax return for the entire amount of his Hawaii income taxes, however, the Internal Revenue Service ("IRS") disallowed a deduction for that portion of Hawaii income taxes imposed upon plaintiff's COLA. Plaintiff sought, among other things, to have this disallowed portion of his Hawaii income taxes reinstated as a deduction.

Pursuant to a motion to dismiss for improper venue, this Court transferred the case to the United States District Court for the District of Columbia because plaintiff claimed to be a resident of the District of Columbia. While the case was before the District of Columbia Court, plaintiff moved for summary judgment as to his claim for a refund based on the reinstatement of his deduction for Hawaii income taxes paid on his COLA (the "COLA issue"). The District of Columbia Court ruled against plaintiff and entered judgment for the United States on the COLA issue with respect to plaintiff's 1975 taxes. *Lapin v. United States*, 617 F.Supp. 167 (D.D.C.1985).

Subsequently, plaintiff amended his complaint to include claims for tax refunds for tax years 1977 through 1980. Plaintiff included a claim for a refund based on the reinstatement of a deduction for Hawaii income taxes paid on his COLA in 1980.

Thereafter, the District of Columbia Court directed the United States to undertake a detailed factual inquiry into plaintiff's residency. Pursuant to motion, the Court determined that plaintiff was a resident of the state of Hawaii and transferred the case back to this Court.

In January, 1986, this Court permitted Bennet McConaughy and Robert Mullendore to enter this action as amici curiae. Amici represent federal employees in another action involving COLA and have an interest in the COLA issue involved in this action.

The United States now moves for partial summary judgment on the COLA issue on plaintiff's 1980 taxes among other issues that do not merit discussion here. Amici oppose summary judgment as to the COLA issue alone. Plaintiff opposes the motion in its entirety, however, he only raises procedural points that are devoid of merit or logic and which will not be addressed here.

### 1. *The COLA Issue*

The COLA is not subject to federal income taxes. 26 U.S.C. § 912(2).[1] It is taxed by the State of Hawaii. H.R.S. § 235(7)(2). Generally, in computing federal income tax liability, a deduction is permitted for state income taxes paid or accrued during the tax year. 26 U.S.C. § 164(a)(3). However, the IRS does not permit a deduction for state income taxes paid on COLA, relying on 26 U.S.C. § 265, which provides:

EXPENSES AND INTEREST RELATING TO TAX–EXEMPT INCOME

No deduction shall be allowed for—

(1) *Expenses*—Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this subtitle, or any amount otherwise allowable under section 212 (relating to expenses for production of income) which is allocable to interest (whether or not any amount of such interest is received or accrued) wholly exempt from the taxes imposed by this subtitle.

The District of Columbia Court upheld this treatment of plaintiff's 1975 taxes in *Lapin, supra*, 617 F.Supp. at 169. The Court held that Section 265(1) (disallowing certain deductions) takes precedence over Section 164 (permitting a deduction for state income tax) because Section 161 expressly provides that the deductions allowed by part VI of the Code, which includes Section 164, are subject to the exceptions provided in part IX (Section 261 et seq.). Thus, the deduction was properly disallowed.

---

1. The Court notes that Congress has recently passed the Internal Revenue Code of 1986. All transactions at issue here precede the passage of the 1986 Code, and therefore are controlled by the 1954 Code. All references herein are to the Internal Revenue Code of 1954.

### a. *The Law of the Case*

The United States argues that this Court is bound by the law of the case to follow the ruling of the District of Columbia Court on the COLA issue. Amici argue that the District of Columbia Court lacked subject matter jurisdiction under 28 U.S.C. § 1402, therefore, its ruling is void and should not be followed.

Amici's subject matter jurisdiction argument is meritless. Section 1402 of Title 28 controls venue, not subject matter jurisdiction. The case cited by Amici on this point did not involve this statute, nor did it hold that the statute involved there was jurisdictional in nature. *See Miller v. United States*, 76 F.Supp. 523, 525 (W.D.Wash. 1948).

However, this Court is not bound by the prior ruling of the District of Columbia Court, although the issues with respect to the different tax years are factually and legally identical. The doctrine of the law of the case is a rule of practice, based upon sound policy that when an issue is once litigated and decided, that should be the end of the matter. *Loumar v. Smith*, 698 F.2d 759, 762 (5th Cir.1983). The doctrine is not jurisdictional or otherwise mandatory. *See United States v. Maybusher*, 735 F.2d 366, 370 (9th Cir.1984). Thus, this Court may reconsider the ruling of the District of Columbia Court. The Court notes that Amici had not been permitted to enter this action at the time of the prior ruling, and that the District of Columbia Court did not consider the attack upon the IRS' interpretation of Section 265 mounted by Amici here.

### b. *Statutory Interpretation of Section 265*

The issue here is one of statutory interpretation, whether Section 265 applies to income taxes. Amici press two arguments upon the Court. First, they assert that the heading "Expenses" under Section 265(1) limits the application of the section to expenses, which are separate and distinct from taxes, and therefore, the section does not apply to taxes at all. They bolster this argument by general observations about the different ways in which the Code deals with taxes on one hand and expenses on the other. Second, Amici argue that if Section 265 may apply to taxes generally, it does not apply to income taxes because income taxes are not "allocable to" any class of income.

Congress enacted Section 265(1) in the Internal Revenue Code of 1954. Prior to the revision of the Code in 1954, the law was settled that taxpayers were not entitled to deductions for state or foreign income taxes imposed on income that was exempt from federal income taxes. *Curtis v. Commissioner of Internal Revenue*, 3 T.C. 648 (1944); *Heffelfinger v. Commissioner of Internal Revenue*, 5 T.C. 985 (1945); *Marsman v. Commissioner of Internal Revenue*, 18 T.C. 1 (1952), *aff'd in part and rev'd in part*, 205 F.2d 335 (4th Cir.1953), *aff'd after remand*, 216 F.2d 77 (4th Cir.1954), *cert. denied*, 348 U.S. 943, 75 S.Ct. 364, 99 L.Ed. 738 (1955).

The statute upon which the above decisions relied, the antecedent provision of Section 265, provided:

Sec. 24  ITEMS NOT DEDUCTIBLE

(a) *General Rule*—in computing net income no deduction shall in any case be allowed in respect of—

\*    \*    \*    \*    \*    \*

(5) Any amount otherwise allowable as a deduction which is allocable to one or more classes of income other than interest (whether or not any amount of income of that class or classes is received or accrued) wholly exempt from the taxes imposed by this chapter.

Section 265 of the 1954 Code included the exact wording of Section 24(a)(5) of the 1939 Code and, in addition, inserted the heading "Expenses." Amici's argument would be enhanced if Congress intended to limit the application of Section 265 by inserting the heading "Expenses" in reformulating the old Section 24(a)(5).

However, the legislative history reveals that Congress was of the opinion that,

Subsection [265] (a) is the same as section 24(a)(5) of the 1939 Code.....

No substantive changes are made in either of these provisions.

S.Rep. 1622, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 4862 (1954); H.R.Rep. 1337, 83d Cong., 2d Sess., *reprinted in* 1954 U.S.Code Cong. & Admin.News 4025, 4202 (1954). If Section 265 of the 1954 Code contains no substantive changes from Section 24(a)(5) of the 1939 Code, and Section 24(a)(5) precluded taxpayers from taking deductions for state income taxes on income exempt from federal taxes, then Section 265 applies to prevent the deduction plaintiff seeks.

A similar result was reached in *Rinehart v. United States*, 429 F.2d 1286 (10th Cir. 1970). There, a citizen of Puerto Rico who married a resident of Oklahoma had paid Puerto Rican income taxes on her Puerto Rican income, which was exempt from federal taxes. The couple sought a deduction on their joint federal income tax return for the Puerto Rican income taxes paid. The Tenth Circuit held that Section 265 precluded them from taking such a deduction because Mrs. Rinehart's Puerto Rican earnings were not subject to federal income taxation. 429 F.2d at 1288.

Although it does not explicitly address Amici's contention that Section 265 is inapplicable because state income taxes are not deductions as "expenses," the *Rinehart* opinion applied Section 265 of the 1954 Code to income taxes, continuing the case law on the application of Section 24(a)(5) of the 1939 Code to income taxes. Moreover, the Ninth Circuit has indicated in dicta that it would rule the same way if confronted with Amici's contention. *See Hawaiian Trust Company, Ltd. v. United States*, 291 F.2d 761, 773, n. 28 (9th Cir.1961).

Thus, although Amici make an appealing textual argument, the judicial and legislative authorities weigh against them, and their contentions are ultimately unavailing. Amici argue that Sections 164 and 275 are the exclusive provisions disallowing deductions for taxes, and therefore, Section 265 cannot be construed as applying to taxes. However, Sections 164 and 275 do not purport to be the exclusive sections dealing with nondeductibility of taxes. Facially,

these sections deal only with *certain* taxes, not *all* taxes, and do not preclude the application of Section 265 to taxes. Moreover, these sections deal with categories of taxes that are not deductible at all, not with exceptions to generally deductible categories of taxes. 26 C.F.R. § 1.164–2. Section 265 operates as an exception to amounts otherwise deductible.

Amici's broader argument based upon reading the Code as a whole similarly comes to naught. They argue that expenses and taxes are mutually exclusive categories; expenses are deducted "above the line" from gross income while taxes are deducted "below the line" from adjusted gross income. With such an argument, however, the exception disproves the rule. Since, for example, property taxes paid or incurred on real property used in a trade or business are deductible as expenses in arriving at adjusted gross income, Amici's proposed rule founders. *See* 26 C.F.R. § 1.62–1(d).

Finally, Amici argue alternatively that, even if Section 265 may apply to some taxes, it cannot apply to state income taxes because such taxes are not "allocable to" any class of income. However, they cite no apposite authority. Their cases deal with whether income taxes are attributable to a trade or business, not whether income taxes are allocable to certain classes of income. Here, the Hawaii income taxes plaintiff paid on COLA are directly allocable to COLA and not to any other class of income.

■ Section 265 applies to the plaintiff's claimed deduction for Hawaii income taxes paid on his COLA. It precludes the deduction of any amount otherwise allowable as a deduction which is allocable to income wholly exempt from federal taxes. The COLA plaintiff received in 1980 was exempt from federal income taxation. Therefore, plaintiff's claimed deduction from his 1980 federal income tax for the Hawaii taxes paid on COLA was properly disallowed by the IRS.

There being no material issues of fact in dispute, the motion of the United States for

partial summary judgment is GRANTED in all respects.

IT IS SO ORDERED.